DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Appellant, Bernard Keith, appeals from the decision of the Lorain County Court of Common Pleas. This Court finds that it is without jurisdiction to determine the merits of his appeal.
 I. {¶ 2} On October 5, 2006, Keith was indicted in Lorain County on one count of escape, in violation of R.C. 2921.34. In September 2007, he pled guilty to the escape charge. On September 13, 2007, the trial court sentenced him to two years of incarceration. The sentencing entry further stated that Keith was "entitled to credit, pursuant to R.C. 2967.191, on [his] sentence for time served." The entry does not indicate the number of days to which Keith was entitled. Keith appealed from this decision in October of 2007, contending that the trial court erred when it did not allow him to withdraw his guilty plea prior to sentencing; he did not *Page 2 
challenge the trial court's jail time credit calculation. On July 28, 2008, this Court affirmed the trial court's decision.
 {¶ 3} In January 2008, while his initial appeal was pending, Keith filed with the trial court a motion for jail time credit. In this motion he requested that the trial court correct his sentencing entry, dated September 13, 2007, to indicate the number of days of jail time credit to which he was entitled. On February 14, 2008, the trial court issued a journal entry, stating that Keith was not entitled to any additional jail time credit and that he had "received 37 days when in fact he was only entitled to 3 days credit[.]" It is unclear from the record whether the trial court granted Keith 37 or 3 days of jail time credit and, if it granted any credit, when this occurred. On February 21, 2008, Keith sent a letter to the trial court along with some booking information. In response to this letter, on February 26, 2008, the trial court granted Keith an additional 16 days of jail time credit. Keith appealed on March 14, 2008. He has asserted four assignments of error for our review. We have combined his assigned errors for ease of review.
 II. ASSIGNMENT OF ERROR I "[THE] TRIAL COURT NEGLECTED TO CALCULATE AND DETERMINE THE SPECIFIC NUMBER OF DAYS THAT [KEITH] WAS TO BE CREDITED WITH, AND TO PROPERLY JOURNALIZE THAT CREDIT IN ITS JUDGMENT OF SENTENCE AND CONVICTION."
 ASSIGNMENT OF ERROR II "UPON MOTION, [THE] TRIAL COURT FAILED/NEGLECTED TO CONDUCT A HEARING TO DETERMINE CIRCUMSTANCES OF INCARCERATION." *Page 3 
 ASSIGNMENT OF ERROR III "[THE] TRIAL COURT ERRED WHEN IT DID NOT CREDIT [KEITH] WITH THE 324 DAYS OF PRE-TRIAL CONFINEMENT THAT HAD BEEN PROMISED, AND WAS [KEITH'S] CLAIM IN HIS MOTION FOR JAIL TIME CREDIT."
 ASSIGNMENT OF ERROR IV "[THE] TRIAL COURT ERRED IN REFUSING TO ADMEND (SIC) OR CORRECT THE SENTENCING ENTRY WITH THE PROPER JAIL TIME CREDIT."
 {¶ 4} In his four assignments of error, Keith contends that the trial court erred in calculating the jail time credit to which he was entitled. We find that we are without jurisdiction to review the merits of Keith's appeal.
 {¶ 5} As a threshold issue, we are required to raise sua sponte issues pertaining to our jurisdiction. As we will fully discuss below, Keith appealed from an order asking the trial court to reconsider its final order. The trial court's order is a nullity and cannot constitute a final appelable order. As a result, we are without jurisdiction to review his appeal.
 {¶ 6} Pursuant to R.C. 2949.08(B),
 "the record of the person's conviction shall specify the total number of days, if any, that the person was confined for any reason arising out of the offense for which the person was convicted and sentenced prior to delivery to the jailer, administrator, or keeper under this section. The record shall be used to determine any reduction of sentence under division (C) of this section."
R.C. 2967.191 mandates the department of rehabilitation and correction to reduce a prisoner's sentence "by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced[.]" The trial court is responsible for calculating the amount of jail time credit and including that in the sentencing order. State ex rel. Rankin v. Ohio Adult ParoleAuth., 98 Ohio St.3d 476, 2003-Ohio-2061, ¶ 7. *Page 4 
 {¶ 7} Further, "`R.C. 2949.12, which addresses the calculation of time, conveyance, and incarceration assignments of convicted felons exclusively, is also applicable here. This section states that theprisoner's sentencing order should also reflect, `* * * pursuant tosection 2967.191 of the Revised Code * * * the total number of days, ifany, that the felon was confined for any reason prior to conviction andsentence.' R.C. 2949.12.'" (Emphasis added.) State v. Neville, 7th Dist. No. 03 BE 68, 2004-Ohio-6840, at ¶ 18, quoting State v. Cook, 7th Dist. No. 00CA184, 2002-Ohio-7170. See, also, State v. Fair (2000),136 Ohio App.3d 184 (stating that the Adult Parole Authority has the duty to grant jail time credit, however, the trial court has the duty to properly calculate the number of days to be credited).
 {¶ 8} Because the number of days of credit to which a defendant is entitled to must be stated in the trial court's sentencing entry, in order to challenge the trial court's calculation of jail time credit, an appellant must appeal from the trial court's entry imposing sentence.Rankin at ¶ 10. Keith appealed his conviction, but did not challenge the jail time credit calculation. His subsequent motion for credit asked the trial court to reconsider its final judgment. It is axiomatic that there is no rule that allows a party to move a trial court for reconsideration of a final judgment. See State v. Harbert, 9th Dist. No. 20955, 2002-Ohio-6114, ¶ 24, citing Pitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, 380. "A motion for reconsideration of a final judgment is a nullity which does not suspend the time for filing a notice of appeal, and any order granting such a motion is likewise a nullity. `It follows that because a judgment entered on a motion for reconsideration is a nullity, a party cannot appeal from such a judgment.'" (Citations omitted.) Harbert at ¶ 24-25.
 {¶ 9} Because Keith has not appealed from a final appealable order, the appeal is dismissed for lack of jurisdiction. *Page 5 
 III. {¶ 10} Keith's assigned errors are not addressed and his appeal is dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 CARR, P. J. SLABY, J. CONCUR *Page 1