[Cite as *State v. Daniels*, 2011-Ohio-6414.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No. 25808 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| LEMAR D. DANIELS | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 10 07 1921 |

DECISION AND JOURNAL ENTRY

Dated: December 14, 2011

---

BELFANCE, Presiding Judge.

{¶1} Appellant, Lemar D. Daniels, appeals his convictions by the Summit County Court of Common Pleas. This Court affirms, in part, and reverses, in part.

I.

{¶2} M.S. is a fifty-year-old resident of a group home in Akron. In addition to several diagnoses of mental illness, M.S. has a mild level of mental retardation, with an IQ of 58. The staff of the facility provides round-the-clock services to her in all of her daily living skills. She has a guardian, and she also requires skilled nursing care. In 2010, after her husband's death, M.S. was placed in a skilled nursing facility, where Mr. Daniels worked as a nursing assistant on the night shift. On the morning of May 3, 2010, M.S. told a custodial worker that she had been raped and identified Mr. Daniels as the perpetrator. DNA collected from the semen on the sheets taken from M.S.'s bed confirmed with statistical certainty that Mr. Daniels was the source of the DNA.

{¶3} Mr. Daniels was tried to a jury on three counts of rape under R.C. 2907.02(A)(2) and three counts of rape under R.C. 2907.02(A)(1)(c). The jury found him guilty on all six counts. The trial court merged the three convictions under R.C. 2907.02(A)(2) into the three convictions under R.C. 2907.02(A)(1)(c) for purposes of sentencing and sentenced Mr. Daniels to an aggregate prison term of twenty years. Mr. Daniels appealed, asserting three assignments of error.

II.

ASSIGNMENT OF ERROR I

"THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT OVERRULED DANIELS' CRIM.R. 29(A) MOTION FOR JUDGMENT OF ACQUITTAL BECAUSE THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE CONVICTONS FOR RAPE."

{¶4} Mr. Daniels' first assignment of error is that his rape convictions under R.C. 2907.02(A)(1)(c) are based on insufficient evidence because the State failed to prove that M.S. was "substantially impaired" within the meaning of the statute and, if so, that he was aware of her substantial impairment. We disagree.

{¶5} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. No. 24731, 2009–Ohio–6955, at ¶18, citing *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386. The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins*, 78 Ohio St.3d at 390 (Cook, J., concurring). In reviewing the evidence, we do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks* (1991), 61 Ohio St.3d 259, 273. The State's evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. Id.

{¶6} The jury found Mr. Daniels guilty of violating R.C. 2907.02(A)(1)(c), which provides:

> "No person shall engage in sexual conduct with another who is not the spouse of the offender * * * when * * * [t]he other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age."

Substantial impairment is not defined for purposes of this statute, nor has the Ohio Supreme Court ever defined the term for purposes of addressing the sufficiency of evidence. In a case that raised a different question, however, the Court noted that:

> "The phrase 'substantially impaired' * * * must be given the meaning generally understood in common usage. * * * [It] must be established by demonstrating a present reduction, diminution or decrease in the victim's ability, either to appraise the nature of his conduct or to control his conduct. This is distinguishable from a general deficit in ability to cope[.]"

*State v. Zeh* (1987), 31 Ohio St.3d 99, 103-104. Many other courts have applied this language in analyzing whether convictions are supported by sufficient evidence, however, and we turn to those cases for guidance. Expert testimony is not required. *State v. Ahmed*, 8th Dist. No. 84220, 2005-Ohio-2999, at ¶42, citing *State v. Tate* (Oct. 26, 2000), 8th Dist. No. 77462, at *3. Instead, a substantial impairment may be proven by the victim's own testimony, allowing the trier of fact to observe and evaluate the victim's ability to perceive the nature of or to control her conduct, and by the testimony of others who have interacted with the victim. *Tate* at *3. The existence of substantial impairment in this context requires a case-by-case determination. *State v. Brown*, 3rd Dist. No. 9-09-15, 2009-Ohio-5428, at ¶22 (summarizing circumstances under which courts have found sufficient evidence of substantial impairment under R.C. 2907.02(A)(1)).

{¶7} In this case, the State presented the testimony of Donna Ruck, who coordinates services for M.S. through the Summit County Developmental Disabilities Board. Ms. Ruck

testified that when she became involved with M.S. as an adult, she had a pre-existing diagnosis of mild mental retardation with an IQ of 58, as well as several mental health diagnoses. According to Ms. Ruck, M.S. has a guardian because she cannot protect her own health and safety and is unable to provide informed consent – in other words, M.S. cannot "process the information and * * * come to a reasonable conclusion[.]" As an example, Ms. Ruck noted that during her marriage to her late husband, M.S. could not comprehend the necessity of a clean, safe living environment. Ms. Ruck testified that M.S. requires around-the-clock services, including assistance with all of her daily living skills – "anything that she would need to function." Although M.S. works at the Weaver Workshop, an affiliate of Summit County DD, she does so under constant supervision and, according to Ms. Ruck's assessment, could not work a job in the community by herself.

{¶8} Melissa Helton, the administrator of the facility where M.S. lived at the time of the assault, testified that Mr. Daniels was the STNA assigned to M.S.'s room on the night in question. Mr. Daniels had been employed by the facility throughout M.S.'s stay, and was responsible for checking on her in fifteen-minute intervals and for providing assistance to her as necessary.

{¶9} Viewing these facts in the light most favorable to the State, a reasonable jury could conclude that M.S. was substantially impaired at the time of the assault. In this respect, we also note that M.S. testified, affording the trial court the opportunity to "obtain its own assessment of the victim's ability to either appraise or control her conduct." *Tate* at *3, citing *State v. Ferguson* (May 25, 2000), 10th Dist. No. 99AP-819. The evidence at trial was such that a reasonable jury could also conclude that Mr. Daniels, who was one of M.S.'s caregivers, was aware of her substantial impairment. His first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

"DANIELS' CONVICTIONS FOR RAPE WERE AGAINST THE MANIFEST
WEIGHT OF THE EVIDENCE."

{¶10} Although Mr. Daniels' second assignment of error states that he is also challenging the weight of the evidence in support of his convictions, his argument, which is combined with his discussion of his first assignment of error, does not address manifest weight. We decline to do so as well. See, generally, *Deutsche Bank Natl. Trust Co. v. Taylor*, 9th Dist. No. 25281, 2011-Ohio-435, ¶7 ("It is not, however, our duty to create an argument where none is made."). Mr. Daniels' second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

"THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY
FAILING TO MERGE ALL OF THE COUNTS FOR SENTENCING PURPOSES."

{¶11} Mr. Daniels' third assignment of error is that the trial court erred by sentencing him for allied offenses of similar import. Specifically, Mr. Daniels has argued that all of the rape convictions should have merged for purposes of sentencing.

{¶12} In *State v. Johnson*, 128 Ohio St.3d 153, 2010–Ohio–6314, the Ohio Supreme Court held that "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." Id. at syllabus. Since then, this Court has consistently remanded cases for further proceedings in the trial court to apply *Johnson* for the first time. See, e.g., *State v. Creel*, 9th Dist. No. 25476, 2011-Ohio-5893, at ¶4.

{¶13} In this case, the trial court merged counts one, two, and three with counts four, five, and six for purposes of sentencing, but sentenced Mr. Daniels to separate prison terms for each of the merged counts. Counsel argued the issue of merger at the sentencing hearing, but it

appears that it was not considered in light of *Johnson*. In light of our precedent, it is appropriate to remand this case so that the trial court can apply *Johnson* in the first instance. Mr. Daniels' third assignment of error is sustained.

## IV.

**{¶14}** Mr. Daniels' first and second assignments of error are overruled. His third assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is affirmed in part and reversed in part, and this case is remanded to the trial court for consideration of the issue raised in Mr. Daniels' third assignment of error.

Judgment affirmed in part,
reversed in part,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

EVE V. BELFANCE
FOR THE COURT

CARR, J.
WHITMORE, J.
CONCUR


APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.