[Cite as *State v. Humphrey*, 2012-Ohio-1826.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 12CA3318 |
| Plaintiff-Appellee, | : | **DECISION AND JUDGMENT ENTRY** |
| v. | : | |
| Jeffrey W. Humphrey, | : | **RELEASED 04/16/12** |
| Defendant-Appellant. | : | |

{¶ 1}   After reviewing the notice of appeal filed in this matter, we issued an order directing Appellant Jeffrey W. Humphrey to file a memorandum addressing whether the entry appealed from is a final appealable order.  Humphrey has filed a memorandum arguing that the trial court's entry overruling his motion for jail time credit is a final appealable order, and the State of Ohio has filed a memorandum arguing that it is not.  After reviewing the memoranda and the relevant law, we hereby **DISMISS** this appeal because the entry appealed from is not a final appealable order.

I.

{¶ 2}   Humphrey pled no contest and was found guilty of complicity to breaking and entering in violation of R.C. 2923.03, a fifth degree felony; possession of criminal tools in violation of R.C. 2923.24, a fifth degree felony; and tampering with evidence in violation of R.C. 2921.12, a third degree felony.  The Ross County Court of Common Pleas sentenced Humphrey to 12 months in prison for both complicity to breaking and entering and possession of criminal tools.  The court also sentenced Humphrey to five years incarceration for the tampering with evidence conviction.  The trial court ordered that all sentences be served concurrently and awarded 21 days of jail time credit as of February

16, 2010, along with future custody days while Humphrey awaited transportation to the appropriate state institution.  The sentencing entry was journalized on March 5, 2010.

{¶ 3}   Humphrey filed a timely notice of appeal challenging the trial court's denial of his motion to suppress and failure to merge allied offenses of similar import, but did not challenge the trial court's calculation of his jail time credit.  We affirmed the judgment of the trial court.  *State v. Humphrey,* 4th Dist. No. 10CA3150, 2010-Ohio-5950.  However, the Supreme Court of Ohio accepted Humphrey's discretionary appeal, vacated our judgment on the second assignment of error, and remanded the case for application of *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061.  *State v. Humphrey,* 128 Ohio St.3d 397, 2011-Ohio-1426, 944 N.E.2d 1172.  Upon remand, we again affirmed the judgment of the trial court.  *State v. Humphrey*, 4th Dist. No. 10CA3150, 2011-Ohio-5238.

{¶ 4}   On January 19, 2012, Humphrey filed a motion for jail time credit asserting that he should have been credit for an additional 122 days he was held in the Ross County Jail from September 11, 2009 to March 10, 2010.  The trial court overruled this motion and it is from this entry that Humphrey appeals.

II.

{¶ 5}   Pursuant to R.C. 2949.08(B),

> The record of the person's conviction shall specify the total number of days, if any, that the person was confined for any reason arising out of the offense for which the person was convicted and sentenced prior to delivery to the jailer, administrator, or keeper under this section.  The record shall be used to determine any reduction of sentence under division (C) of this section.

R.C. 2967.191 mandates the department of rehabilitation and correction to reduce a prisoner's sentence "by the total number of days that the prisoner was confined for any

reason arising out of the offense for which the prisoner was convicted and sentenced[.]" The trial court is responsible for calculating the amount of jail time credit and including it in the sentencing entry. *State v. Keith*, 9th Dist. No. 08CA9362, 2009-Ohio-76, citing *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, at ¶ 7.

{¶ 6} Because the number of days of jail time credit a defendant is entitled to must be stated in the trial court's sentencing entry, any challenge to that calculation must be made on appeal from the trial court's entry imposing sentence. *Rankin* at ¶ 10. Although Humphrey appealed his conviction, he did not challenge the trial court's jail time credit calculation. The doctrine of res judicata bars a litigant from raising any issue, claim, or defense that could have been previously raised but was not. *See State v. Chafin*, 10th Dist. No. 06AP-1108, 2007-Ohio-1840, at ¶ 11. Having failed to raise this issue on direct appeal, Humphrey is barred by the doctrine of res judicata from raising this issue at this time.

{¶ 7} More importantly, the trial court's entry denying Humphrey's motion for jail time credit is not a final appealable order. It is well established that an order must be final before it can be reviewed by an appellate court. See Section 3(B)(2), Article IV of the Ohio Constitution. See, also, *General Acc. Ins. Co. v. Insurance Co. of North American*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss the appeal. *Lisath v. Cochran*, 4th Dist. No. 92CA25, 1993 WL 120627 (Apr. 15, 1993); *In re Christian*, 4th Dist. No. 1507, 1992 WL 174718 (July 22, 1992).

{¶ 8} R.C. 2505.02 defines a final order as "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment," or "[a]n

order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." R.C. 2505.02(B)(1) and (B)(2). Humphrey had no substantial right to have his final sentencing entry, setting forth his jail time credit, reconsidered. Therefore, the trial court's denial of his motion for jail time credit did not affect a substantial right. *See State v. Keith*, 9th Dist. No. 08CA9362, 2009-Ohio-76 (trial court's entry recalculating jail time credit was nullity because trial court cannot reconsider its final judgment so appeal was not from a final appealable order); *State v. Lemaster*, 4th Dist. No. 02CA20, 2003-Ohio-4557 (denial of motion to correct and/or modify sentence was not final appealable order because no substantial right to have sentence modified); *State v. Tully*, 5th Dist No. 2001CA313, 2002-Ohio-1290 (denial of request for jail time credit was not final appealable order).

{¶ 9} We note that a trial court may amend the jail time credit awarded in its final sentencing entry to correct a clerical mistake or a mathematical error pursuant to Crim.R. 36. *See State v. McLain*, 6th Dist. No. L-07-1164, 2008-Ohio-481, and *State v. Chafin*, 10th Dist. No. 06AP-1108, 2007-Ohio-1840. And, a trial court's denial of a motion to correct jail time credit may be a final appealable order if the trial court refuses to correct a clerical mistake or mathematical error in calculating jail time. *McLain* at ¶ 11. However, because Humphrey is seeking credit for a category of time, we determine that he is making a substantive claim for jail time credit rather than seeking to correct a calculation error by the trial court. *See Chafin* at ¶ 12.

III.

{¶ 10} We conclude that Humphrey should have appealed the trial court's calculation of his jail time credit on direct appeal. Because the trial court's entry denying his motion for jail time credit is not a final appealable order, we do not have jurisdiction to

consider this appeal from that entry.  Therefore, we **DISMISS** this appeal.

{¶ 11} The clerk shall serve a copy of this order on all counsel of record at their last known addresses. The clerk shall serve appellant by certified mail, return receipt requested.  If returned unserved, the clerk shall serve appellant by ordinary mail.  **SO ORDERED.**

Abele, P.J. & McFarland, J.: Concur.

**FOR THE COURT**

_____

William H. Harsha
Administrative Judge