[Cite as *State v. Daniels*, 2013-Ohio-358.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

LEMAR D. DANIELS

    Appellant

C.A. No.     26406

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 10 07 1921

DECISION AND JOURNAL ENTRY

Dated: February 6, 2013

CARR, Judge.

{¶1} Defendant-Appellant, Lemar Daniels, appeals from his resentencing in the Summit County Court of Common Pleas. This Court affirms in part, reverses in part, and remands.

I.

{¶2} This Court set forth the facts underlying this matter in a prior appeal. *See State v. Daniels*, 9th Dist. No. 25808, 2011-Ohio-6414. In essence, Daniels was charged with repeatedly raping the resident of a group home over the course of an evening when Daniels was acting as the resident's nursing assistant. A jury found Daniels guilty of six counts of rape, three counts under R.C. 2907.02(A)(1)(c) and three counts under R.C. 2907.02(A)(2). The trial court sentenced Daniels on all three counts under R.C. 2907.02(A)(1)(c) and merged the remaining three counts as allied offenses of similar import. Daniels then appealed, challenging both the

sufficiency of his convictions and the court's decision not to merge all of his offenses as allied offenses of similar import.

{¶3} On appeal, this Court affirmed Daniels' guilty verdicts, but declined to decide his allied offense argument due to the issuance of *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314. Because *Johnson* represented a dramatic shift in the law of allied offenses, we remanded the matter to the trial court for it to apply *Johnson* in the first instance. *Daniels* at ¶ 13. Upon remand, the trial court held a resentencing hearing and determined, pursuant to *Johnson*, that only three of Daniels' counts should merge. The court merged the three counts under R.C. 2907.02(A)(2) into the three counts under R.C. 2907.02(A)(1)(c). It then sentenced Daniels on each of the three remaining counts.

{¶4} Daniels now appeals and raises eight assignments of error for our review. For ease of analysis, we combine several of the assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT FAILED TO MERGE ALL OF THE COUNTS FOR SENTENCING PURPOSES AS THEY WERE ALL ALLIED OFFENSES OF SIMILAR IMPORT.

{¶5} In his first assignment of error, Daniels argues that the trial court committed plain error by convicting him of allied offenses of similar import. Specifically, he argues that all of his rape convictions should have merged for purposes of sentencing. We disagree.

{¶6} Ohio's allied offense statute provides as follows:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25. Thus, two or more offenses arising from the same conduct and similar import only may result in one conviction. R.C. 2941.25(A). Two or more offenses may result in multiple convictions, however, if: (1) they are offenses of dissimilar import; (2) they are separately committed; or (3) the defendant possesses a separate animus as to each. R.C. 2941.25(B).

{¶7} "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, at syllabus. A plurality of the Ohio Supreme Court set forth a two-part test to analyze whether two offenses are allied offenses of similar import. First, one must determine whether the offenses at issue could be committed by the same conduct. *Id.* at ¶ 47. One does so by asking "whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other." (Emphasis sic.) *Id.* at ¶ 48. *See also id.* at ¶ 66 (O'Connor, J., concurring.) (offenses are allied "when their elements align to such a degree that commission of one offense would probably result in the commission of the other offense"). Second, one must ask whether the offenses actually were committed by the same conduct, "i.e., 'a single act, committed with a single state of mind.'" *Johnson* at ¶ 49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, ¶ 50 (Lanzinger, J., dissenting). If the answer to both inquiries is yes, the offenses will merge. *Johnson* at ¶ 50.

{¶8} The evidence at trial was that Daniels forced the victim to engage in three distinct forms of sexual conduct. He digitally penetrated the victim's vagina, forced the victim to perform fellatio, and then finally engaged in vaginal intercourse with the victim. The trial court determined that Daniels could be sentenced for all three rapes as they constituted three separate acts. Daniels argues that the court erred in its conclusion because the rapes, all of which were committed around the same time and involved the same victim, represented one continuous course of conduct. According to Daniels, the rapes were the result of a single act, committed with a single state of mind.

{¶9} Well before the issuance of the element-based allied offenses cases that the Supreme Court rejected in *Johnson*, *see, e.g., State v. Rance*, 85 Ohio St.3d 632 (1999), the Supreme Court held that vaginal intercourse and fellatio constitute "separate sexual conduct" such that an offender is punishable for each rape. *State v. Barnes*, 68 Ohio St.2d 13, 14 (1981). This Court reached a similar result several years prior when we upheld separate convictions for a defendant who had forced his victim to engage in vaginal intercourse before anally penetrating her. *State v. Ware*, 53 Ohio App.2d 210, 211 (9th Dist.1977) ("We hold that the entry into two bodily orifices constituted two separate acts of rape."). Since the issuance of *Johnson*, several other districts have continued to hold that different forms of forcible penetration constitute separate acts of rape for which a defendant may be separately punished. *See, e.g., State v. Cuthbert*, 1st Dist. No. 11CAA070065, 2012-Ohio-4472, ¶ 50-51; *State v. Trotter*, 8th Dist. No. 97064, 2012-Ohio-2760, ¶ 45; *State v. Davic*, 10th Dist. No. 11AP-555, 2012-Ohio-952, ¶ 16; *State v. Hernandez*, 12th Dist. No. CA2010-10-098, 2011-Ohio-3765, ¶ 48-49. We agree with our sister districts.

**{¶10}** By forcibly penetrating the victim three times in three distinct manners, Daniels separately committed three acts of rape. *See* R.C. 2941.25(B). The acts:

> involved distinct, different kinds of sexual activity. Thus, they were separate offenses for merger purposes, even though they were committed in the course of the same sexual encounter. Because these offenses involved different, distinct types of sexual activity, they each constituted a separate crime, and their merger [was] not required by R.C. 2941.25(B).

*State v. Drummonds*, 1st Dist. No. C-110011, 2011-Ohio-5915, ¶ 8, quoting *State v. Strong*, 1st Dist. Nos. C-100484 & C-100486, 2011-Ohio-4947, ¶ 71. *Accord Barnes* at 14; *Ware* at 211. As such, the trial court did not err by sentencing Daniels on all three rape counts. Daniels' first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN FAILING TO PROVIDE DANIELS WITH HIS RIGHT TO PROPER ALLOCUTION PRIOR TO THE IMPOSITION OF HIS PRISON SENTENCE IN VIOLATION OF R.C. 2929.19(A) AND CRIM.R. 32(A).

## ASSIGNMENT OF ERROR III

DANIELS WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO OBJECT AT HIS RE-SENTENCING HEARING THAT THE TRIAL COURT FAILED TO PROPERLY ALLOCUTE PRIOR TO THE IMPOSITION OF DANIELS' PRISON SENTENCE.

**{¶11}** In his second assignment of error, Daniels argues that the trial court denied him his right of allocution before it imposed his sentence. In his third assignment of error, Daniels argues that he received ineffective assistance of counsel because his trial counsel did not object when the court denied him his right of allocution. We disagree.

**{¶12}** Pursuant to Crim.R. 32(A)(1), a trial court shall "[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of

punishment." *See also* R.C. 2929.19(A) (court shall hold sentencing hearing at which it asks the offender whether he "has anything to say as to why sentence should not be imposed upon [him]"). The rule "requires a trial court to afford a defendant an opportunity to speak before the court imposes sentence." *State v. Maynard*, 9th Dist. No. 07CA0116-M, 2009-Ohio-282, ¶ 38.

**{¶13}** The record reflects that Daniels had counsel at the resentencing hearing and, before resentencing Daniels, the trial court both addressed Daniels' counsel and personally addressed Daniels. In personally addressing Daniels, the following exchange took place:

> THE COURT: Mr. Daniels, would you like to make any statement regarding sentencing at this time?

> THE DEFENDANT: Yes, sir. I still continue on saying * * * what I had stated before: I didn't do this. As far as I know, * * * the case itself didn't prove that I really did these things. I just want [] to * * * put that out there that I have been a person that always followed the law. As far as that, I have always done it. But as far as this, I didn't do it, I really didn't. So I still maintain the same thing that I said to you before.

The court then proceeded to sentence Daniels. According to Daniels, he was denied his right of allocution because the court never specified that he could make a statement or present evidence for the distinct purpose of mitigation.

**{¶14}** The trial court personally addressed Daniels and asked whether he wished to make a statement regarding sentencing. Both the Ohio Supreme Court and this Court have recognized that a trial court complies with a defendant's right of allocution when it personally addresses the defendant and asks whether he has anything to say. *State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, ¶ 186-188; *State v. Vickers*, 9th Dist. No. 01CA007928, 2002-Ohio-3628, ¶ 34. Here, the trial court's question was even more specific because the court asked whether Daniels had any statement to make "regarding sentencing." Moreover, Daniels took advantage of the opportunity and informed the court that he had always been a law-abiding citizen. Based

on our review of the record, we conclude that the trial court afforded Daniels his right of allocution and that Daniels availed himself of that right. Therefore, Daniels' second assignment of error is overruled.

{¶15} Daniels also argues that he received ineffective assistance of counsel because his counsel did not object when the trial court failed to afford him his right of allocution. We have already determined, however, that the trial court afforded him his right of allocution. As such, "his ineffective assistance of counsel argument also must fail, as it is premised upon the same error." *State v. El–Jones*, 9th Dist. No. 26136, 2012-Ohio-4134, ¶ 45. His third assignment of error is overruled.

**ASSIGNMENT OF ERROR IV**

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY SENTENCING DANIELS WITHOUT CREDITING TO HIS SENTENCE OF INCARCERATION THE NUMBER OF DAYS THAT HE WAS CONFINED PRIOR TO CONVICTION AND SENTENCE.

**ASSIGNMENT OF ERROR V**

DANIELS WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO OBJECT AT HIS RE-SENTENCING HEARING THAT THE TRIAL COURT WAS REQUIRED TO DETERMINE DANIELS' NUMBER OF DAYS OF CONFINEMENT BEFORE SENTENCE WAS IMPOSED.

{¶16} In his fourth assignment of error, Daniels argues that the trial court erred by sentencing him without including his credit for time served in his sentence. In his fifth assignment of error, he argues that he received ineffective assistance of counsel because his counsel did not object to the court's failure to calculate his time served.

{¶17} In Daniels' first appeal, this Court reversed his sentence and remanded the matter for resentencing so that the trial court could apply *State v. Johnson*. The reversal necessitated a new sentencing hearing, at which the court could receive additional arguments and, if it

determined the offenses were allied, allow the State to elect which offense(s) to pursue. *See* R.C. 2929.19(A) (requiring court to hold sentencing hearing for any offender who was convicted "and whose case was remanded pursuant to [R.C.] 2953.07"); *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, paragraph two of the syllabus (allied offense determination requires new sentencing hearing). The trial court did, in fact, conduct a new sentencing hearing upon remand and issued a new sentencing entry as a result. The entry, however, made no reference to credit for time served.

{¶18} "R.C. 2967.191 mandates the department of rehabilitation and correction [] reduce a prisoner's sentence 'by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *.'" *State v. Keith*, 9th Dist. No. 08CA009362, 2009-Ohio-76, ¶ 6, quoting R.C. 2967.191. Yet, it is the trial court's responsibility to "calculat[e] the amount of jail time credit and includ[e] that in the sentencing order." *Id.* A "convicted felon's sentence [must] * * * specif[y] the total number of days, if any, that the felon was confined for any reason prior to conviction and sentence." R.C. 2949.12. "[The] information is required to be included within the sentence itself." *State v. Morgan*, 9th Dist. No. 95CA0055, 1996 WL 137423, *1 (Mar. 27, 1996).

{¶19} Although the trial court previously calculated Daniels' credit for time served at the time of his original sentencing, the court did not include the credit in its March 2012 sentencing entry when it resentenced Daniels. The court was obligated to include Daniels' credit calculation in its sentencing entry. *Keith* at ¶ 6. Accordingly, Daniels' fourth assignment of error is sustained on that basis.

{¶20} Daniels also argues that his trial counsel was ineffective for failing to object when the court did not calculate his time served. In light of our disposition of Daniels' fourth

assignment of error, his fifth assignment of error is moot and we decline to address it. App.R. 12(A)(1)(c). *See also State v. Ross*, 9th Dist. No. 25778, 2012-Ohio-1389, ¶ 29-30.

## ASSIGNMENT OF ERROR VI

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY SENTENCING DANIELS WITHOUT COMPLYING WITH R.C. 2929.19(B)(2)(G).

## ASSIGNMENT OF ERROR VII

DANIELS WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO OBJECT TO THE TRIAL COURT'S FAILURE TO RE-SENTENCING (sic) DANIELS IN ACCORDANCE WITH R.C. 2929.19(B)(2)(G).

{¶21} In his sixth assignment of error, Daniels argues that the court erred by sentencing him without informing him, pursuant to R.C. 2929.19(B)(2)(g), of his ability to earn credit toward his sentence while incarcerated. He further argues in his seventh assignment of error that his trial counsel was ineffective for not objecting to the court's failure to notify him regarding earned credit.

{¶22} The statute governing earned credit allows offenders to receive a reduction in their stated prison terms upon the completion of certain designated programs. R.C. 2967.193. Former R.C. 2929.19(B)(2)(g) provided that, upon imposing a prison term, a trial court was required to "[i]nclude in the offender's sentence a statement notifying the offender of the information described in [R.C. 2929.14(D)(3)][1] regarding earned credits under [R.C. 2967.193]." Specifically, a trial court had to inform an offender of the circumstances under which he would

---

[1] Although Former R.C. 2929.19(B)(2)(g) actually stated that a trial court must provide an offender with "the information described in division (F)(3) of section 2929.14 of the Revised Code," the citation to subsection (F)(3) appears to be a typographical error. Former R.C. 2929.14 did not contain a subsection (F)(3). Rather, the information regarding earned credits was contained in subdivision (D)(3), as set forth above.

be eligible to earn such credit and that earned credit was not automatic. Former R.C. 2929.14(D)(3). Daniels argues that the court committed reversible error by failing to inform him of his eligibility to earn credit toward his sentence.

{¶23} Former R.C. 2929.14(D)(3) specifically provided that "[t]he failure of a court to include in a sentence the statement described in this division [regarding earned credit] does not constitute grounds for setting aside the offender's conviction or sentence * * *." Thus, the plain language of the statute does not support Daniels' argument. Moreover, Daniels was not eligible to earn credit. Former R.C. 2929.13 categorically excluded prison terms imposed for rape from any reduction under the earned credit statute. Former R.C. 2929.13(F)(2). Because Daniels was convicted of rape, it was not possible for him to earn credit under R.C. 2967.193. Former R.C. 2967.193(C)(1) ("No [inmate] * * * shall be awarded any days of credit * * * [if] [t]he person is serving a prison term that [R.C.] 2929.13 * * * specifies cannot be reduced * * *."). His sixth assignment of error is overruled.

{¶24} Daniels also argues that he received ineffective assistance of counsel because his counsel did not object when the trial court failed to notify him regarding earned credit. Because we have already determined that the court did not commit reversible error by not informing Daniels about earned credit, his ineffective assistance argument also must fail. *El-Jones*, 2012-Ohio-4134, at ¶ 45. Daniels' seventh assignment of error is overruled.

### ASSIGNMENT OF ERROR VIII

THE CUMULATIVE EFFECT OF THE TRIAL COURT'S ERRORS DENIED DANIELS A FAIR SENTENCING HEARING.

{¶25} In his eighth assignment of error, Daniels argues that he was deprived of a fair sentencing hearing due to cumulative errors on the part of the trial court. Assuming without deciding that the cumulative error doctrine applies to a resentencing such as the one at hand, a

claim of cumulative error requires "multiple instances of harmless error." *State v. Garner*, 74 Ohio St.3d 49, 64 (1995). Because the record does not support the conclusion that numerous errors occurred here, Daniels' claim of cumulative error lacks merit. His eighth assignment of error is overruled.

III.

{¶26} Daniels' first, second, third, sixth, seventh, and eighth assignments of error are overruled, and his fifth assignment of error is moot. Daniels' fourth assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.