[Cite as *State v. Papczun*, 2013-Ohio-1162.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 26560 |
| | | |
| Appellee | | |
| | | |
| v. | | APPEAL FROM JUDGMENT |
| | | ENTERED IN THE |
| RONALD J. PAPCZUN | | COURT OF COMMON PLEAS |
| | | COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 09 05 1430 |

DECISION AND JOURNAL ENTRY

Dated: March 27, 2013

MOORE, Presiding Judge.

{¶1} Defendant-Appellant, Ronald J. Papczun, appeals from the July 2, 2012 order denying his motion for jail-time credit. We dismiss the appeal for lack of a final, appealable order.

I.

{¶2} In 2009, Mr. Papczun pleaded guilty to violating a protection order, in violation of R.C. 2919.27, criminal damaging or endangering, in violation of R.C. 2909.06(A)(1), and menacing by stalking, in violation of R.C. 2903.211(A)(1). The trial court sentenced him to two and a half years of imprisonment, and suspended the sentence, upon the condition that he successfully complete five years of community control. In 2010, Mr. Papczun failed to comply with the conditions of community control. He pled guilty to a violation and was sentenced to two years, six months of imprisonment. In its July 9, 2010 sentencing entry, the trial court stated that Mr. Papczun's jail-time credit was to be calculated by the Summit County Adult Probation

Department and would "be forthcoming in a subsequent journal entry." On August 26, 2010, the trial court journalized an entry awarding Mr. Papczun sixty-nine days of jail-time credit.

{¶3} The record indicates that Mr. Papczun did not appeal from the July 9, 2010 sentencing entry, or the August 26, 2010 journal entry awarding him sixty-nine days of jail- time credit.

{¶4} On February 2, 2011, Mr. Papczun filed a motion for jail-time credit alleging that he was owed two-hundred and sixty-eight additional days of jail-time credit from September 9, 2009 to May 29, 2009. During this period of time, Mr. Papczun alleged that he was on house arrest and was being monitored by the Oriana House 24 hour G.P.S. electronic monitoring system. The trial court denied Mr. Papczun's motion stating that he "was already given the appropriate amount of jail-time credit in the Court's Journal Entry filed on August 26, 2010."

{¶5} Again, Mr. Papczun did not appeal this order.

{¶6} On June 26, 2012, Mr. Papczun filed a second motion for jail-time credit. The trial court denied the motion, and Mr. Papczun appealed.

{¶7} Upon review of the record, this Court concludes that it lacks jurisdiction over the attempted appeal because the June 26, 2012 order denying Mr. Papczun's second motion for jail-time credit is not final and appealable.

{¶8} In *State v. Keith*, 9th Dist. No. 08CA009362, 2009-Ohio-76, this Court concluded that the calculation of jail-time credit must be included in the sentencing order and that, "in order to challenge the trial court's calculation of jail time credit, an appellant must appeal from the trial court's entry imposing sentencing." *Id*. at ¶ 8. We reasoned that an appeal from an order that denies a motion to revisit the issue of jail time credit is, essentially, an appeal from an order denying reconsideration of the sentencing order. *Id*. Because "[a] motion for reconsideration of

a final judgment is a nullity * * * and 'a judgment entered on a motion for reconsideration is a nullity,'" this Court concluded that an order that denies a motion for jail time credit is not final and appealable. *Id*., quoting *State v. Harbert*, 9th Dist. No. 20955, 2002-Ohio-6114, ¶ 24-25.

{¶9}     Here, in his second motion for jail-time credit, Mr. Papczun essentially urged the trial court to reconsider its previous decision denying him additional credit for time spent under house arrest.  Similar to *Keith*, we conclude that the July 2, 2012 order denying Mr. Papczun's motion is a legal nullity.

{¶10}  Therefore, because the July 2, 2012 order denying Mr. Papczun's motion for jail-time credit is not a final, appealable order, we are without jurisdiction to consider this appeal.

II.

{¶11}  For the foregoing reasons, Mr. Papczun's appeal is dismissed.

Appeal dismissed.

————

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

WHITMORE, J.
CONCURS.

BELFANCE, J.
CONCURRING IN JUDGMENT ONLY.

{¶12} I concur in the majority's judgment on the basis of this Court's precedent, *see State v. Keith*, 9th Dist. No. 08CA009362, 2009-Ohio-76, ¶ 8 (concluding that a post-sentence motion for jail-time credit is a nullity), and because Mr. Papczun has not developed any argument as to why this Court should revisit that precedent.[1] *See Cardone v. Cardone*, 9th Dist. No. 18349, 1998 WL 224934, *8 (May 6, 1998).

{¶13} Accordingly, I concur in the judgment.

APPEARANCES:

RONALD J. PAPCZUN, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.

---

[1] However, it appears that our precedent in *Keith* may have been superseded by amended R.C. 2929.19(B)(2)(g)(iii), which became effective after Mr. Papczun had filed his motions. *See id*. ("The sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under division (B)(2)(g)(i) of this section [(section requiring the trial court to determine offender's jail-time credit)]. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion.").