[Cite as *State v. Stone*, 2013-Ohio-5782.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

MICHAEL STONE

    Appellant

C.A. No.     13CA010400

APPEAL FROM JUDGMENT
ENTERED IN THE COURT OF
COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    12CR084240

DECISION AND JOURNAL ENTRY

Dated: December 30, 2013

HENSAL, Judge.

{¶1}   Michael Stone appeals an order of the Lorain County Court of Common Pleas that denied his amended motion for jail time credit. For the following reasons, we dismiss the appeal.

I.

{¶2}   In December 2011, the Elyria police department arrested Mr. Stone for burglary. He spent eight days in jail before being released on bond. He later pleaded guilty to the charge, and, in November 2012, the trial court sentenced him to three years of community control, which included a six-month term in the county jail.

{¶3}   In January 2013, Mr. Stone filed a pro se motion for jail time credit, arguing that he had not received credit for the time he spent in jail before being released on bond. He filed a second pro se motion for jail time credit in March 2013. A week later, his lawyer filed a motion for jail time credit, and, in April 2013, amended that motion. The trial court considered the

amended motion, but denied it, concluding that jail time that is imposed as part of a community control sanction is not subject to a jail time credit. Mr. Stone has appealed, assigning as error that the court incorrectly denied his motion.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S AMENDED MOTION FOR JAIL TIME CREDIT.

**{¶4}** Mr. Stone argues that, under Revised Code Section 2949.08(C)(1), he is entitled to credit for the time he spent in jail before being released on bond. Section 2949.08(C)(1) provides that, "[i]f [a] person is sentenced to a jail for a felony * * *, the jailer in charge * * * shall reduce the sentence of [the] person delivered into the jailer's custody * * * by the total number of days the person was confined for any reason arising out of the offense for which the person was convicted and sentenced * * *."

**{¶5}** Although Section 2949.08(C)(1) requires a jailer to reduce an inmate's jail term, "it is the trial court's responsibility to 'calculate the amount of jail time credit and include that in the sentencing order.'" *State v. Daniels*, 9th Dist. Summit. No. 26406, 2013-Ohio-358, ¶ 18, quoting *State v. Keith*, 9th Dist. Lorain No. 08CA009362, 2009-Ohio-76, ¶ 6. In *Keith*, this Court explained that, "[b]ecause the number of days of credit to which a defendant is entitled to must be stated in the trial court's sentencing entry, in order to challenge the trial court's calculation of jail time credit, an appellant must appeal the trial court's entry imposing sentence." *Id*. at ¶ 8. A subsequent motion for credit is, in essence, a motion to reconsider the court's final judgment. *Id*. Since a motion for reconsideration of a final judgment is a nullity, the trial court's ruling on the motion is also a nullity, and "a party cannot appeal from such a judgment." *Id*., quoting *State v. Harbert*, 9th Dist. Summit No. 20955, 2002-Ohio-6114, ¶ 25. *But see State v.*

*Papczun*, 9th Dist. Summit No. 26560, 2013-Ohio-1162, ¶ 12 (Belfance, J., concurring in judgment only) (suggesting that a trial court may have limited jurisdiction to correct a jail-time credit error upon consideration of a motion filed under Section 2929.19(B)(2)(g)(iii)). In accordance with *Daniels* and *Keith*, we conclude that we are without jurisdiction to consider this appeal.

### III.

**{¶6}** Mr. Stone has not appealed from a final appealable order or judgment. The appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

RICHARD S. RAMSEY, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.