THE STATE EX REL. RANKIN, APPELLANT, *v.* OHIO
ADULT PAROLE AUTHORITY, APPELLEE.

[Cite as *State ex rel. Rankin v. Ohio Adult Parole
Auth.,* 98 Ohio St.3d 476, 2003-Ohio-2061.]

(No. 2002–2077—Submitted March 25, 2003—Decided May 7, 2003.)

**Per Curiam.**

{¶ 1} Appellant, Tony Rankin, is an inmate at Mansfield Correctional Institution. On June 9, 2000, Rankin pled guilty in the Cuyahoga County Common Pleas Court in case No. CR 387213 to one count of aggravated robbery in violation of R.C. 2911.01, and to two counts of robbery in violation of R.C. 2911.02.[1] The trial court sentenced Rankin to three years of incarceration on each count. On the same day, Rankin also pled guilty in case No. CR 384493 to one count of felonious assault in violation of R.C. 2903.11, and was sentenced to a three-year prison term. The trial court ordered that all terms of incarceration imposed for Rankin's convictions for aggravated robbery and robbery were to be served concurrently with each other, and also served concurrently with Rankin's three-year sentence for felonious assault. The trial court granted Rankin 143 days of jail-time credit in his aggravated robbery and robbery case but did not credit Rankin with any jail time in his felonious assault case.[2]

{¶ 2} On August 29, 2002, Rankin filed a complaint for a writ of mandamus in the Cuyahoga County Court of Appeals, seeking an order to compel appellee, Ohio Adult Parole Authority ("APA"), to comply with the trial court's order granting him 143 days of jail-time credit. In essence, Rankin alleged that the APA had failed to properly credit his jail time, which resulted in a release date beyond that contemplated by the trial court. On November 7, 2002, the court of appeals granted the APA's motion for summary judgment and denied the requested writ.

{¶ 3} This matter is now before the court as an appeal as of right.

{¶ 4} Rankin contends that the court of appeals violated his right to due process when it granted the APA's motion for summary judgment. Rankin argues that he is entitled, pursuant to R.C. 2967.191, to a jail-time credit of 143 days on the three-year prison term imposed for his felonious assault conviction.

---

1. The trial court's sentencing entry in case No. CR 387213 indicates that Rankin pled guilty to aggravated robbery in violation of R.C. 2911.02. However, the crime of aggravated robbery is set forth in R.C. 2911.01. Robbery is defined in R.C. 2911.02.

2. According to the APA, Rankin was also credited with seven additional days of jail-time credit for conveyance time between Rankin's sentencing date and his admission to Mansfield Correctional Institution. However, this time is not included in Rankin's claim.

{¶ 5} R.C. 2967.191 requires the Ohio Department of Rehabilitation and Correction to "reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term."

{¶ 6} In order to be entitled to a writ of mandamus, Rankin must demonstrate (1) that he has a clear legal right to the relief requested, (2) that the APA is under a clear legal duty to perform the requested act, and (3) that he has no plain and adequate remedy in the ordinary course of law. *State ex rel. Manson v. Morris* (1993), 66 Ohio St.3d 440, 441, 613 N.E.2d 232.

{¶ 7} First, Rankin's claim fails because the APA is under no clear legal duty to perform the requested act. Although the APA has a mandatory duty pursuant to R.C. 2967.191 to credit an inmate with jail time already served, it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence. R.C. 2949.12 provides that upon the conveyance of a convicted felon to a state correctional facility, the institution is provided with a copy of the convicted felon's sentence that clearly describes each offense, designates the sentence imposed, and specifies the total number of days of jail-time credit to which the defendant is entitled pursuant to R.C. 2967.191. See, also, Ohio Adm.Code 5120–2–04(B).[3]

{¶ 8} Thus, the APA may credit only the amount of jail time that the trial court determines the inmate is entitled to by law. The APA cannot ignore the trial court's determination of jail-time credit and substitute its own judgment in complying with the mandate of R.C. 2967.191. See *State ex rel. Corder v. Wilson* (1991), 68 Ohio App.3d 567, 589 N.E.2d 113.

{¶ 9} Here, the APA adhered to the trial court's determination regarding the amount of jail-time credit that Rankin was entitled to receive. The APA properly credited Rankin with the 143 days of jail time that the trial court determined was appropriate in his aggravated robbery and robbery case. Because the trial court

---

3. {¶ a} Ohio Adm.Code 5120–2–04(B) provides:

{¶ b} "The sentencing court determines the amount of time the offender served before being sentenced. The court must make a factual determination of the number of days credit to which the offender is entitled by law and, if the offender is committed to a state correctional institution, forward a statement of the number of days confinement which he is entitled by law to have credited. This information is required to be included within the journal entry imposing the sentence or stated prison term."

did not award Rankin jail-time credit in his felonious assault case, the APA correctly did not credit jail time toward Rankin's felonious assault sentence.

{¶ 10} Second, Rankin's claim fails because he had an adequate remedy by way of direct appeal. As Rankin is seeking jail-time credit on each of his sentences, as opposed to the single credit he received toward the sentences imposed for his aggravated robbery and robbery convictions, Rankin is, in effect, alleging error in the trial court's determination of his jail-time credit and not in the APA's alleged failure to properly credit his jail time. Alleged errors regarding jail-time credit are not cognizable in mandamus but may be raised by way of the defendant's direct appeal of his criminal case. *State ex rel. Jones v. O'Connor* (1999), 84 Ohio St.3d 426, 704 N.E.2d 1223.

{¶ 11} Accordingly, Rankin failed to meet the requirements for a writ of mandamus. The APA has no duty to grant the requested relief, and Rankin had an adequate remedy by way of direct appeal of his criminal case. Based on the foregoing, we affirm the judgment denying the writ.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

---

Tony Rankin, pro se.

Jim Petro, Attorney General, and Kelley A. Sweeney, Assistant Attorney General, for appellee.