DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Richard B. McLain, appeals the judgment of the Lucas County Court of Common Pleas, which denied his motion for jail time credit filed pursuant to R.C. 2967.191. For the following reasons, we affirm the trial court's judgment.
 {¶ 2} On July 22, 2005, appellant was indicted for one count of receiving stolen property, one count of possession of criminal tools, and seven counts of tampering with a *Page 2 
coin machine. He was arrested for those offenses on June 15, 2005, in Sylvania, Ohio. On June 29, 2005, the case was bound over to the Lucas County Court of Common Pleas, which issued a supervised own recognizance bond. The docket indicates that appellant failed to sign the bond; appellant has argued in his motion that he was unaware of the bond's existence.
 {¶ 3} On August 5, 2005, appellant failed to appear for his arraignment and a capias bond was ordered for $15,000. The next docket entry, dated September 5, 2006, is a motion filed by appellant for a "final disposition and speedy trial" of the untried indictments, pursuant to R.C. 2941.401. At that time, appellant was being held at the North Central Correctional Institution on an unrelated conviction. On September 8, 2006, the Lucas County Court of Common Pleas issued an order of conveyance from that institution for appellant's arraignment. On October 3, 2006, the capias and warrant were served upon appellant, returned on October 4, 2006. On October 20, at the arraignment, appellant entered a plea of not guilty.
 {¶ 4} Appellant subsequently entered into a negotiated plea agreement and entered pleas of no contest to one count of receiving stolen property, a violation of R.C. 2913.51 and a felony of the fourth degree, and one count of tampering with a coin machine, a violation of R.C.2911.32(A), (B), and a felony of the fifth degree. Pursuant to the plea agreement, the one count of possession of criminal tools and six counts of tampering were dismissed. *Page 3 
 {¶ 5} On December 1, 2006, appellant's sentencing hearing was held. The trial court imposed a sentence of 17 months incarceration for receiving stolen property and seven months incarceration for tampering. He was given jail time credit of 75 days. Appellant did not file a direct appeal of the judgment and sentence.
 {¶ 6} On March 20, 2007, appellant, acting pro se, filed a motion for jail time credit, seeking a credit of 515 actual incarceration days, pursuant to R.C. 2967.191. He alleged that would reflect the full amount of time appellant was incarcerated until his sentencing on the instant offenses. The trial court denied the motion, finding that appellant was in custody for the instant offenses on October 3, 2006, through December 14, 2006.
 {¶ 7} Appellant appealed that decision and has assigned one error for review:
 {¶ 8} "The trial court abused its discretion when it failed to award the jail time credit for every day served in custody on this case, in violation of the appellant's due process under the 14th Amendment."
 {¶ 9} Appellant agrees that R.C. 2967.191 governs. That statute provides:
 {¶ 10} "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's *Page 4 
competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term." R.C. 2967.191.
 {¶ 11} In Heddleston v. Mack (1998), 84 Ohio St.3d 213, the Ohio Supreme Court characterized a "motion to correct jail time credit" as an alternative to raising this issue on direct appeal or filing a petition for postconviction relief. Pursuant to Crim.R. 36, however, the trial court may only take action on such motions if relief is requested from a "clerical mistake" of the trial court. State v. Weaver, 1st Dist. No. C-050923, 2006-Ohio-5072, ¶ 12. Therefore, one may appeal from the trial court's denial of a motion to correct jail time credit only if the trial court refuses to correct a clerical mistake, or mathematical error, in calculating time.
 {¶ 12} In contrast, claims that a person was denied jail time credit because days were not properly classified as arising under the instant offense are "substantive" claims, which must be brought to the trial court's attention before sentencing or raised on direct appeal. Since these claims are substantive, appeals from the denial of such motions are barred by res judicata. State v. Chafin, 10th Dist. No. 06AP-1108,2007-Ohio-1840; State v. Newport, 2d Dist. No. 2006-CA-49,2007-Ohio-1678; State v. Caldwell, 11th Dist. No. 2004-L-173,2005-Ohio-6149. See, also, State v. Tully, 5th Dist. No. 2001-CA-00313, 2002-Ohio-1290, appeal not allowed by 96 Ohio St.3d 1467; State v.Magee, 5th Dist. No. 04-CA-13, 2005-Ohio-483 (both dismissing appeal of motion to correct jail time credit by holding that order denying motion is not final appealable order). *Page 5 
 {¶ 13} Even if this motion was not barred by res judicata, jail time credit can only be given for days the defendant was confined in connection with the instant offense. "Pursuant to R.C. 2967.191, a defendant is entitled to credit for only those times he was confined in connection with the instant offense. State ex. rel. Gillen v. Ohio AdultParole Authority (1995), 72 Ohio St.3d 381. A defendant is not entitled to credit, however, for time served while incarcerated for offenses unrelated to the instant offense. Id.; State v. McWilliams (1998), 126 Ohio App.3d 398, 399. In other words, jail time will not be credited more than once * * *." State v. Mitchell, 6th Dist. Nos. L-05-1122, L-05-1123, 2005-Ohio-6138, ¶ 8.
 {¶ 14} The record in this case reflect that he was in custody on theinstant charges from the date of his arrest, June 15, 2005, until June 29, 2005, when an OR bond was issued. The record does not reflect why he failed to appear for arraignment on August 5, 2005, but the capias bond and warrant issued on August 8, 2005, was not served until October 3, 2006, when he was again taken in to custody on the instant charges, where he remained until sentencing.
 {¶ 15} Not including the day of his arrest, appellant was therefore in custody on the instant charges for a total of 74 days. At sentencing, the trial court credited appellant with 75 days, which must have included the day of his arrest and the day of sentencing. Appellant cannot, however, be credited with the time he was incarcerated or awaiting trial on unrelated charges as he requests. R.C. 2969.191. The assignment of error is not well-taken. *Page 6 
 {¶ 16} As the trial court did not err in denying appellant's motion for jail time credit, the judgment is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J. CONCUR. *Page 1