DECISION AND JUDGMENT
{¶ 1} Appellant, Michael Ray Foster, brings this accelerated appeal from the order of the Lucas County Court of Common Pleas, denying his motion for correction of the time served credited to him in association with his incarceration.
 {¶ 2} In 2004, appellant pled guilty and was convicted of escape. The trial court sentenced him to community control for three years. According to appellant's statement *Page 2 
of facts, on February 25, 2005, he "absconded" from the supervision of adult probation. In March 2005, he was arrested and jailed for violating the terms of community control.
 {¶ 3} On March 15, 2005, while in jail on the community control violation, he was indicted for burglary. Appellant entered a no contest plea to burglary as a fourth degree felony on April 15, 2005. The trial court found appellant guilty and set a joint sentencing hearing for both the community control violation and the burglary. At that hearing, the court continued the terms of community control in the escape case. In the burglary case, the court imposed a four year term of community control, with the initial six months to be served in residence at a correctional treatment facility.
 {¶ 4} On September 29, 2005, the court granted appellant's motion for early release from the correctional treatment facility to participate in another treatment program. According to appellant, on September 30, 2005, he "again absconded."
 {¶ 5} Appellant was arrested on January 10, 2006, and held until January 25, when he was released on supervised recognizance. On March 3, 2006, the court held a hearing on community control violations for both cases. Following the hearing, the court imposed a three year term of incarceration for the escape conviction and a concurrent 17 month incarceration for the burglary. The court granted appellant 143 days credit for time served in the escape case and 222 days credit for time served in the burglary case. Time while awaiting transportation was to be additionally credited. On transport, appellant was credited with 232 days credit on the burglary sentence and 153 days credit on the escape. *Page 3 
 {¶ 6} On April 12, 2006, appellant moved in the burglary case for additional credit for time served. The trial court denied the motion.
 {¶ 7} On February 13, 2008, appellant filed identical motions "For Correction" in both cases, arguing that the time served credits should have been added together rather than applied to the separate sentences. Appellant suggested that the credits were misallocated between the cases and that he should be entitled to additional credit for time spent in the correctional treatment facility.
 {¶ 8} The trial court referred the motions to the Adult Probation Department which reviewed appellant's records and concluded that appellant had indeed been given credit for both cases for certain periods of time. He was not granted credit for time served in the community treatment facility for both cases because he was not sentenced to that facility on the escape conviction.
 {¶ 9} On this report, the court denied appellant's motions. From these denials, appellant now brings this appeal. In a single assignment of error, appellant asserts that the trial court erred in denying his motion.
 {¶ 10} The state responds, suggesting that appellant's appeal is barred by the doctrine of res judicata.
 {¶ 11} As we recently noted in State v. McLain, 6th Dist. No. L-07-1164, 2008-Ohio-481, ¶ 11, 12, a motion to correct jail time credit is an alternative to raising the issue on direct appeal or in postconviction relief. The device is available only to correct a *Page 4 
clerical mistake. As a result, an inmate may appeal the denial of such an order only if the trial court refuses to correct a mistake or mathematical error in calculating time.
 {¶ 12} When jail time credit is denied because days were not properly classified, it is a substantive claim that must be brought to the court's attention at sentencing or on direct appeal. Failure to timely raise these concerns results in the issue being barred from further consideration by the doctrine of res judicata.
 {¶ 13} In the present matter, appellant's motion goes not to a clerical mistake or a mathematical error, but to allocation of jail credit days between cases. This classification is a substantive claim barred by res judicata. Id. Accordingly, appellant's sole assignment of error is found not well-taken.
 {¶ 14} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 5 
 Peter M. Handwork, J. Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1