[Cite as *State v. Pierce*, 2010-Ohio-1297.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 09-MA-39 |
| | ) | |
| IRA PIERCE, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Youngstown
Municipal Court of Mahoning County,
Ohio
Case No. 09CRB9

JUDGMENT:    Reversed
Sentence Modified

APPEARANCES:
For Plaintiff-Appellee    Attorney Joseph R. Macejko
Youngstown City Prosecutor
Attorney John Henry Marsh, Jr.
Assistant City Prosecutor
26 S. Phelps St., 4th Floor
Youngstown, Ohio 44503

For Defendant-Appellant    Attorney James E. Lanzo
Attorney Pete C. Klimis
4126 Youngstown-Poland Road
Youngstown, Ohio 44514

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: March 25, 2010

DONOFRIO, J.

{¶1} Defendant-appellant Ira Pierce appeals his 60-day jail sentence for resisting arrest. He contends the trial court imposed a harsher sentence upon him simply because he asked for credit for jail time served.

{¶2} Following a pursuit by police, Pierce was arrested and charged on January 3, 2009, with failure to signal, fleeing and eluding, driving under suspension, and resisting arrest in Youngstown Municipal Court. Pierce pleaded not guilty and the trial court appointed him counsel. The case proceeded to discovery and other pretrial matters. Pierce remained in jail 28 days until he was able to post bond on February 1, 2009.

{¶3} On February 23, 2009, the state and Pierce reached a plea agreement. Pierce pleaded no contest to an amended charge of no operator's license, a fourth-degree misdemeanor, and resisting arrest, a second-degree misdemeanor. The remaining traffic charges were apparently dismissed. The trial court accepted Pierce's no contest plea, found him guilty, and proceeded to sentencing. The prosecutor described the events surrounding Pierce's arrest. Pierce's counsel acknowledged that Pierce resisted arrest, but related Pierce's claim that he was not the driver of the vehicle. The court then inquired of Pierce why he reacted the way he did towards the arresting officers. Pierce claimed he was compliant. Apparently dissatisfied with his response, the court proceeded as follows:

{¶4} "THE COURT: Before then, quit talking about something later. I am talking about before then. What were you thinking? Why do you have to act all tough guy? You could have got yourself killed. You are not helping me. That tells me you are an absolute menace to everybody that wants to stop you for anything. So, Mr. Pierce, you have earned yourself a jail cell.

{¶5} "MR. LANZO: Without belaboring the point, I know we asked the question what was he thinking, however --

{¶6} "THE COURT: He answered it.

{¶7} "MR. PIERCE: I did not know.

{¶8} "THE COURT: He has answered it. Mr. Pierce, you have answered it. You want to act like a punk, you think you are all that, you are going to sit in a jail cell

for a while and see how tough you are. Shame on you. There is no reason in the world to do what you did other than to be a punk. What a shame.

**{¶9}** "On your resisting arrest charge you have 30 days in jail. Maybe that will be a wakeup call for you and you won't act like a punk the next time the police are trying to do their job. On top of that you have a fine of $250. Nothing on the no operator's license except a $50 fine. You have intensive probation for a period of a year. If you want to find yourself committing any other offenses of violence while you are on probation to me, you will go right back to jail where apparently you will belong. Have a seat right there, Mr. Pierce.

**{¶10}** "MR. LANZO: On behalf of my client, I don't know if the Court wants to do the calculation --

**{¶11}** "THE COURT: Grunt one more time and I will find you in contempt and you will do more jail time.

**{¶12}** "MR. LANZO: I don't know if it is the Court that does the calculation, he did have some time served prior.

**{¶13}** "THE COURT: I have no knowledge of that so I am not in a position to do any calculating.

**{¶14}** "MR. LANZO: It is in the file. He was arrested January the, beginning of January and, January 3rd, excuse me, and was released on, well, the timestamp is January 31st but I believe it was February 1st.

**{¶15}** "THE COURT: If you want him to get credit, tell me how much credit he gets.

**{¶16}** "MR. LANZO: I believe it is 28 days by my calculation.

**{¶17}** "THE COURT: Then he is sentenced to 60 days in jail with credit for 28. He is doing 30 days, Counsel, he is doing 30 days.

**{¶18}** "MR. LANZO: With all due respect, I would object to any modification to the sentence at this point.

**{¶19}** "THE COURT: He is doing 30 days starting right now.

**{¶20}** "MR. LANZO: May I approach the bench, Your Honor?

**{¶21}** "THE COURT: We are done." (02/23/2009 Tr. 8-10.)

**{¶22}** The judgment entry of sentence was altered to reflect a 60-day jail sentence instead of a 30-day jail sentence. This appeal followed and the trial court stayed the sentence.

**{¶23}** Pierce raises two assignments of error. Both are sufficiently similar that they can each be addressed together. They state, respectively:

**{¶24}** "THE TRIAL COURT IMPOSED A HARSHER SENTENCE UPON APPELLANT AFTER HE ASKED FOR CREDIT FOR TIME SERVED, IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1 OF THE OHIO CONSTITUTION."

**{¶25}** "THE TRIAL COURT'S IMPOSITION OF A HARSHER SENTENCE UPON APPELLANT DEPRIVED HIM OF HIS RIGHT TO CREDIT FOR TIME SERVED, IN WHICH HE WAS ENTITLED TO UNDER R.C. 2949.08, THEREFORE VIOLATING HIS DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1 OF THE OHIO CONSTITUTION."

**{¶26}** Pierce points out that "[t]o punish a person because he has done what the law plainly allows him to do is a due process violation 'of the most basic sort.'" Citing *United States v. Goodwin* (1982), 457 U.S. 368, 372, 102 S.Ct. 2485, 73 L.Ed.2d 74, quoting *Bordenkircher v. Hayes* (1978), 434 U.S. 357, 363, 98 S.Ct. 663, 54 L.Ed.2d 604. Pierce argues that the trial court punished him for what the law entitled him to do – request credit for jail time served.

**{¶27}** At the February 23, 2009 hearing, the trial court sentenced Pierce to 30 days in jail. It was not until after Pierce's counsel requested the court to credit Pierce for the 28 days he had already served that the court increased the sentence from 30 days to 60 days. The increase in the sentence is reflected in the transcript of proceedings and on the judgment entry of sentence where 30 was crossed out and replaced with 60.

**{¶28}** In response, the state points principally to the well-settled rule that a court speaks only through its journal entry and that the entry reflects only a 60-day

sentence.

**{¶29}** The right to due process is found in the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution. The United States Supreme Court has stated that "[t]o punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort[.]" *Bordenkircher v. Hayes* (1978), 434 U.S. 357, 363, 98 S.Ct. 663, 54 L.Ed.2d 604.

**{¶30}** This court, too, has recognized that "[i]t is patently unconstitutional for a sentencing court to penalize those who exercise their constitutional rights or even their *statutory* rights." (Emphasis added.) *State v. Donald*, 7th Dist. No. 08 MA 154, 2009-Ohio-4638, ¶10, citing *North Carolina v. Pearce* (1969), 395 U.S. 711, 724, 89 S.Ct. 2072, 23 L.Ed.2d 656 (court cannot base a harsher sentence on a defendant's successful use of appeal or postconviction proceedings). See, also, *Blackledge v. Perry* (1974), 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (holding that re-indictment by a prosecutor violated due process where the defendant successfully challenged his original misdemeanor conviction on appeal and was then indicted for a felony arising from the same facts).

**{¶31}** A defendant is entitled by law to have credited to his sentence of incarceration the number of days that he was confined prior to conviction and sentence. R.C. 2949.08(C)(1). The Ohio Supreme Court has also held that "it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence." *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶7.

**{¶32}** It is clear from the transcript of proceedings that the trial court did not have foreknowledge of the 28 days Pierce had already served, but it is apparent also that the court intended Pierce to serve 30 days in jail from the date of sentencing regardless of whether he had already served any time. Nonetheless, the court's increase of Pierce's sentence after learning that he had already served 28 days leaves the impression that it was punishing him for exercising his statutory right to

credit for the time served. If the court wanted Pierce to serve 30 days from the date of sentencing, then it should have predetermined what time he had already served and incorporated that into its original sentence.

**{¶33}** As for the state's argument, it is true that a court speaks only through its judgment entry. However, if the transcript of proceedings elucidates error in the trial court's judgment, whether that error appears on the face of the entry or not is irrelevant and does not render the decision any less unlawful. Moreover, as already mentioned, it is visible from the face of the entry that the trial court initially entered 30 days, then crossed it out and entered 60 days.

**{¶34}** In sum, the trial court originally sentenced Pierce to 30 days in jail. Upon learning of his request for time served, the court increased Pierce's sentence to 60 days. The new sentence enhanced the original sentence by 30 days and left the impression that it was punishing Pierce for exercising his right to request credit for time served. Thus, since Pierce was legally entitled to credit for time served, the court's increasing of his sentence following his request for time served violated Pierce's due process under the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution.

**{¶35}** Accordingly, Pierce's first and second assignments of error have merit.

**{¶36}** The judgment of the trial court is reversed and Pierce's sentence modified to the original sentence of 30 days in jail with credit for 28 days served.

Waite, J., concurs.
DeGenaro, J., concurs.