[Cite as *State v. Britton*, 2013-Ohio-1008.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,             CASE NO.  4-12-13

      v.

BRADLEY C. BRITTON,             O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,             CASE NO.  4-12-14

      v.

BRADLEY C. BRITTON,             O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,             CASE NO.  4-12-15

      v.

BRADLEY C. BRITTON,             O P I N I O N

      DEFENDANT-APPELLANT.

**Appeals from Defiance County Common Pleas Court
Trial Court Nos. 08-CR-10369, 09-CR-10562 and 10-CR-11006**

**Judgments Affirmed**

**Date of Decision:   March 18, 2013**

**APPEARANCES:**

> ***Bradley C. Britton*, Appellant**

> ***Morris J. Murray and Russell R. Herman*  for Appellee**

**SHAW, J.**

{¶1} Defendant-Appellant Bradley C. Britton ("Britton") appeals the July 12, 2012, judgment of the Defiance County Common Pleas Court denying Britton's "Motion for Additional Jail Time Credit."  For the reasons that follow, we affirm the judgment of the trial court.

{¶2} On January 29, 2009, Britton pled no contest to one count of Aggravated Assault, in violation of R.C. 2903.12(A)(1), a felony of the fourth

degree. (10369, Doc. 18).[1] Britton was found guilty and sentenced to four years of community control sanctions. (*Id*.) The court reserved an eighteen month prison sentence in the event Britton violated his community control, which the court stated was to be served consecutively to Britton's reserved eighteen month prison sentence in Defiance County Common Pleas Case No. 08CR10182, for an aggregate prison term of thirty-six months. (*Id*.) This was memorialized in a judgment entry filed February 13, 2009. (*Id*.)

{¶3} On July 16, 2009, Britton pled no contest to one count of Domestic Violence, in violation of R.C. 2919.25(A), a felony of the fourth degree. (10562, Doc. 5). The court found Britton guilty and sentenced him to eighteen months in prison, to be served consecutively to the prison terms in case numbers 10182, and 10369, for an aggregate prison term of fifty-four months. (*Id*.) Britton's community control was revoked, and he was sent to prison to serve his sentence. (*Id*.)

{¶4} On November 9, 2009, Britton filed a motion requesting judicial release from prison. (10562, Doc. 6). On December 22, 2009, the trial court filed an entry granting Britton's motion. (10562, Doc. 9). The trial court suspended the balance of Britton's prison term and reserved the right to re-impose it. (*Id*.)

---

[1] There are three separate trial court case numbers included in this appeal. Trial court case number 08CR10369 corresponds to appellate case number 4-12-13. Docket entries from that case will be cited as "(10369, Doc. X)." Trial court case number 09CR10562 corresponds to appellate case number 4-12-14. Docket entries from that case will be cited as "(10562, Doc. X)." Trial court case number 10CR11006 corresponds to appellate case number 4-12-15. Docket entries from that case will be cited as "(11006, Doc. X)."

Britton was placed back on community control for a period of four years. (*Id.*) As a condition of Britton's community control, Britton was ordered to attend and successfully complete the SEARCH program in Bowling Green, Ohio.[2] (*Id.*)

{¶5} On March 28, 2011, a hearing was held wherein Britton pled guilty to Trafficking in Marijuana, in violation of R.C. 2925.03(A)(2)(C)(3)(a), a felony of the fifth degree. (11006, Doc. 11). Britton was sentenced to six months in prison on that charge, to be served consecutively to the prison terms from the previous cases for an aggregate term of 60 months in prison. (*Id.*) A judgment entry reflecting this hearing was filed March 30, 2011. (*Id.*)

{¶6} Also on March 28, 2011, Britton admitted to violating the terms of conditions of his community control and was found to have violated his community control. (10562, Doc. 26). The balance of Britton's reserved prison term was then reinstated. (10562, Doc. 26). Britton was given jail-time credit for 560 days served. (*Id.*) An entry reflecting this was filed March 30, 2011. (*Id.*)

{¶7} No direct appeal was taken from either of the two March 30, 2011, entries.

{¶8} On June 28, 2012, Britton, *pro se*, filed a "Motion for Jail Time Credit." In the motion, Britton argued he was entitled to an additional 450 days of jail-time credit for time he spent in the SEARCH program. (11006, Doc. 12).

---

[2] According to documentation in the record, SEARCH stands for "Seeking Enduring Achievement Responsibly, Courageously and Honestly." It is handled by the NorthWest Community Corrections Center.

Attached to his motion was a signed statement saying that Britton had successfully completed a program at the NorthWest Community Corrections Center on June 7, 2012, after serving 150 days in the program. (*Id*.)

{¶9} On July 12, 2012, the trial court filed a judgment entry denying Britton's motion for jail time credit, finding that the entry filed March 30, 2011, was correct as to credit. (11006, Doc. 13).

{¶10} It is from this judgment that Britton appeals, asserting the following assignment of error for our review.

**ASSIGNMENT OF ERROR**
**THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY NOT GRANTING HIM ADDITIONAL JAIL-TIME CREDIT WHICH HE WAS ENTITLED TO RECEIVE.**

{¶11} In his assignment of error, Britton argues that the trial court erred by denying his motion for additional jail-time credit. Specifically, Britton argues that he was entitled to receive jail-time credit for a period of days that he spent in the SEARCH program. According to Britton, he did not receive jail-time credit for the time he spent in that program.

{¶12} R.C. 2967.191 authorizes jail-time credit for "the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced." The statute "requires a connection between the jail-time confinement and the offense upon which the

defendant is convicted." *State v. Thomas,* 10th Dist. No. 12AP–144, 2012-Ohio-4511, ¶ 6, citing *State v. Slager,* 10th Dist. No. 08AP581, 2009-Ohio-1804, ¶ 25, citing *State v. Hunter,* 10th Dist. No. 08AP–183, 2008-Ohio-6962, ¶ 17.

**{¶13}** "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Szefcyk*, 77 Ohio St.3d 93, syllabus (1996). citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

**{¶14}** "'[T]he doctrine of res judicata applies to a jail-time credit motion that alleges an erroneous legal determination on jail-time credit.'" *State v. Sumerall*, 10th Dist. No. 12AP-445, 2012-Ohio-6234, ¶ 10, quoting *State v. Spillan*, 10th Dist. No. 06AP-50, 2006-Ohio-4788, ¶ 9, citing *State v. Lomack,* 10th Dist. No. 04AP–648, 2005-Ohio-2716, ¶ 12; *State v. Smiley,* 10th Dist. No. 11AP–266, 2012-Ohio-4126, ¶ 12. "'[A] defendant may only contest a trial court's calculation of jail-time credit in an appeal from the judgment entry containing the allegedly incorrect calculation.'" *Id*. ¶ 10, quoting *State v. Roberts,* 10th Dist. No. 10AP–729, 2011-Ohio-1760, ¶ 6 quoting *Lomack*, *supra*, at ¶ 11. However, "'if the trial court makes a mathematical mistake, rather than an

erroneous legal determination, in calculating the jail-time credit, then a defendant may seek judicial review via a motion for correction before the trial court.'" *Roberts* at ¶ 6, citing *State v. Eble,* 10th Dist. No. 04AP–334, 2004-Ohio-6721, ¶ 10.

{¶15} In this case, Britton failed to challenge the trial court's award of jail-time credit at sentencing or in a direct appeal from his conviction. Moreover, Britton's motion did not allege that the trial court committed any mathematical error in the calculation of jail-time credit so as to avoid the res judicata bar. Britton claims that the trial court failed to include a period of 450 days for the time that Britton was in the SEARCH program in its jail-time credit calculation.[3] In effect, Britton "merely argued that 'he was denied credit for a *category of time* to which he believed he was entitled.'" *Sumerall*, *supra*, at ¶ 11, quoting *State v. Chafin,* 10th Dist. No. 06AP–1108, 2007-Ohio-1840, ¶ 12, citing *State v. Parsons,* 10th Dist. No. 03AP–1176, 2005-Ohio-457, ¶ 8. The Tenth District Court of Appeals has held that "[t]he inclusion or exclusion" of such a period of time "should have been raised during sentencing before the trial court or on direct appeal, not in a motion for correction." *Sumerall*, *supra*, at ¶ 11, citing *Chafin* at ¶ 12, citing *Parsons* at ¶ 8. Thus, because Britton did not seek review of a mathematical mistake in the calculation of jail-time credit, "the doctrine of res

---

[3] Britton appears to argue that he should receive 150 days credit for his time in the SEARCH program on each of three consecutive sentences for a total of 450 days credit.

judicata precluded his motion for correction." *Sumerall*, at ¶ 11. *See also State v. McBride,* 10th Dist. No. 10AP–1152, 2011-Ohio-3030, ¶ 8. Accordingly, Britton's motion was barred by res judicata.

{¶16} However, even if the doctrine of res judicata did not apply in this case, it is the defendant's burden to show the error in the calculation of jail-time credit. *State v. Clemons,* 8th Dist. No. 92054, 2009-Ohio-2726, at ¶ 9; *State v. Parsons,* 10th Dist. No. 03AP–1176, 2005-Ohio-457, at ¶ 9; *State v. Evans*, 2d Dist. No. 21751, 2007-Ohio-4892, at ¶ 13. "'If the defendant fails to demonstrate error, and no miscalculation in the jail-time credit is apparent from the record, any claimed error must be overruled.'" *Clemons,* at ¶ 9, quoting *State v. Slager*, 10th Dist. Nos. 08AP581-582 and 08AP-709-710, 2009-Ohio-1804, ¶ 25, citing *State v. Hunter*, 10th Dist. No. 08AP-183, 2008-Ohio-6962, ¶ 17.

{¶17} Britton makes an argument in his brief claiming that he did not receive credit for any of the days he was in the SEARCH program. The State counters in its brief with a table purporting to illustrate that Britton did get credit for his time in the SEARCH program. Unfortunately the State's table of how Britton's jail-time credit was computed is not otherwise in the record, and we can only accept it as argument.

{¶18} However, Britton cannot cast any significant doubt upon the State's argument that the dates from the SEARCH program were included in the jail-time

credit computation. The only document in the record related to jail-time credit was attached to Britton's motion for jail-time credit to the trial court. The document is a typewritten paper with nothing other than some dates that Britton was purportedly confined on the underlying trial court case numbers. This document in no way establishes that Britton was not given credit for his time in the SEARCH program. Furthermore, Britton's "documentation" does not clarify what days he was or was not given credit for. With the record utterly devoid of any proof that the trial court did not give Britton credit for his time in the SEARCH program, Britton's argument cannot be maintained.

{¶19} Finally, we would note that Britton argues for 450 days of jail-time credit in addition to the 560 that he received in the trial court's entry, which would total 1010 days of credit. In his brief, the earliest date Britton argues that he should receive credit for was December 10, 2008, and the latest date is April 7, 2011. Being that this amount of time is facially less than two years, Britton's argument appears to not only be without merit, but mathematically impossible, as there are not 1010 days to receive credit for within that time frame.

{¶20} Accordingly, Britton's assignment of error is overruled.

{¶21} For the foregoing reasons, Britton's assignment of error is overruled and the judgments of the Defiance County Common Pleas Court are affirmed.

*Judgment Affirmed*

**PRESTON, P.J. and ROGERS, J., concur.**