[Cite as *State v. Perry*, 2013-Ohio-4370.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO,                    )
                                  )     CASE NO.    12 MA 177
  PLAINTIFF-APPELLEE,         )
                                  )
VS.                               )     O P I N I O N
                                  )
ROBERT PERRY aka                  )
ANTHONY BARNES,                   )
                                  )
  DEFENDANT-APPELLANT.        )


CHARACTER OF PROCEEDINGS:   Criminal Appeal from Common Pleas
               Court, Case No. 07CR661.


JUDGMENT:        Affirmed.


APPEARANCES:
For Plaintiff-Appellee:     Attorney Paul Gains
               Prosecuting Attorney
               Attorney Ralph Rivera
               Assistant Prosecuting Attorney
               21 West Boardman Street, 6th Floor
               Youngstown, Ohio  44503


For Defendant-Appellant:    Robert Perry, *Pro se*
               #A543-479
               Mansfield Correctional Institution
               P.O. Box 788
               Mansfield, Ohio  44901


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite


               Dated:  September 26, 2013

VUKOVICH, J.

{¶1} Defendant-appellant Robert Perry (aka Anthony Barnes) appeals the decision of the Mahoning County Common Pleas Court which denied his motion for additional jail time credit. He states that the court's declaration in the 08CR29 sentencing entry that he would receive 108 days credit for time served was correct but the court's statement in the 07CR661 sentencing entry that he was entitled to 108 days was insufficient because he served an additional 110 days on that offense prior to his arrest in 08CR29.

{¶2} The state correctly contends that the issue is barred by the doctrine of res judicata because appellant could have raised it in a direct appeal of his sentence. For the following reasons, we conclude that appellant's argument is a substantive legal argument, rather than a mathematical or clerical error, and thus, it should have been raised by way of a direct appeal from the sentencing entries. Thus, the judgment of the trial court is affirmed.

STATEMENT OF THE CASE

{¶3} On May 24, 2007, appellant was indicted for a May 14, 2007 aggravated robbery in 07CR661. He was served with the indictment while in jail as he had already been arrested on the offense a week prior. On August 31, 2007, appellant entered a plea to the lesser offense of robbery, a third degree felony. He was released on his own recognizance to Community Corrections Association pending sentencing. However, appellant walked out of CCA and did not appear for sentencing. Thus, a bench warrant was issued for his arrest. On November 14, 2007, he was rearrested.

{¶4} He was then permitted to withdraw his plea in 07CR661 so that a new plea agreement could be reached in conjunction with another case, 08CR29. On February 29, 2008, appellant entered guilty pleas in both cases. In 07CR661, he again pled guilty to the lesser charge of robbery. In 08CR29, he pled guilty to six counts of robbery on a bill of information.

{¶5} In a March 7, 2008 judgment entry in 07CR661, appellant was sentenced to five years to run consecutively to the sentence entered in 08CR29. In a

separate entry for 08CR29, he was likewise sentenced to five years to run consecutively to 07CR669. Both entries stated that appellant was entitled to 108 days of jail time credit as of February 29, 2008 (plus any days awaiting transport to prison thereafter). No direct appeal was taken.

**{¶6}** On May 21, 2010, appellant filed a *pro se* motion for jail time credit in both cases. This motion was never ruled upon. On July 2, 2012, appellant filed the within motion for jail time credit in both cases. Appellant argued that he was entitled to 130 additional days of credit, generally stating that he served time from May 2007 until September 2007 and from November 2007 until March 2008. (He also argued that his time in CCA should count as credit but does not maintain that argument on appeal.)

**{¶7}** On July 23, 2012, the trial court denied appellant's motion for additional jail time credit. Appellant filed an untimely notice of appeal on September 20, 2012. This court permitted a delayed appeal from the July 23, 2012 judgment entry. Appellant submitted a handwritten brief, which we agreed to construe as a brief due to the limited nature of the issue on appeal.

## ARGUMENT

**{¶8}** On appeal, appellant now agrees that the 108 days of jail time credit in 08CR29 was correct. However, he contends that he was not provided sufficient credit in 07CR661. He urges that the time spent in jail would count toward both counts and that he was previously incarcerated in 07CR661 prior to his release to CCA pending sentencing, which he variously calculates at 110 and 116 days.

**{¶9}** The state counters that the failure to appeal this issue at the time of sentencing bars consideration of the matter at this time due to the doctrine of res judicata. The state notes that matters which could have been raised by a direct appeal cannot be raised in a post-trial motion. The state thus concludes that unless a jail time credit error is merely mathematical, as opposed to legal error, it must be raised in a direct appeal, citing *State v. Mason*, 7th Dist. No. 10CO20, 2011-Ohio-3167, ¶ 13.

## LAW

**{¶10}** A prison term shall be reduced by the total number of days the prisoner was confined for any reason arising out of the offense for which the offender was sentenced, including confinement in lieu of bail while awaiting trial. R.C. 2967.191. Although the ODRC has administrative record-keeping duties in such regard, it is the trial judge's duty to determine the amount of credit to which a prisoner is entitled. *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7-8 (the trial court must make a factual determination as to the amount of credit which a defendant is entitled to by law); R.C. 2967.191. This jail time credit information must be included in a defendant's sentencing entry. *See* R.C. 2949.12; Ohio Adm.Code 5120-2-04(B).

**{¶11}** Where the sentencing court made a mistake in jail time credit, the defendant can file a direct appeal from his conviction. *Rankin*, 98 Ohio St.3d 476 at ¶ 10. Legal arguments concerning jail time credit are waived if they are not raised in the direct appeal. *Mason*, 7th Dist. No. 10CO20 at ¶ 13. Although a defendant may challenge mathematical or clerical errors in calculating jail-time credit by filing a motion for correction with the trial court and by appealing the resulting judgment, the proper vehicle for challenging legal errors in the imposition of jail time credit is via a direct appeal from the sentencing entry. *Id.* (where the defendant argued he should have been credited for certain time in the local jail while he had a holder from another county), citing *State v. Parsons*, 10th Dist. No. 03AP-1176, 2005-Ohio-457, at ¶ 7-8 (where the defendant argued he was entitled to credit for time spent on community control). *See also* Crim.R. 36.

**{¶12}** This can be attributed to the doctrine of res judicata, which provides that a final judgment bars a convicted defendant from raising issues that could have been raised by the defendant on direct appeal. *See State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996), citing *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). As such, if there is no appeal from a legal error in the sentencing entry's provision of jail time credit, then the issue becomes res judicata if it could have been raised on direct appeal. This is the view across the state. *See e.g., State v. Britton*, 3d Dist. Nos. 4-12-13, 4-12-14, 4-12-15, 2013-Ohio-1008, ¶ 14 (where

defendant argued that he was denied credit while in a certain program); *State v. Johnson*, 5th Dist. Nos. 2011-CA-0113, 2011-CA-0114, 2012-Ohio-5164, ¶ 12; *Mason*, 7th Dist. No. 10CO20 at ¶ 13; *State v. Chafin*, 10th Dist. No. 06AP-1108, 2007-Ohio-1840, ¶ 12.

{¶13} A mathematical error, subject to a post-judgment motion, is something clerical. *Johnson*, 5th Dist. Nos. 2011-CA-0113, 2011-CA-0114 at ¶ 14; *State v. McClain*, 6th Dist. No. L-07-1164, 2008-Ohio-481, ¶ 14. Whereas, a legal error that must be directly appealed is a substantive issue. *Johnson*, 5th Dist. Nos. 2011-CA-0113, 2011-CA-0114 at ¶ 14 (argument that court failed to provide credit on a count in the 2001 case and in the 2004 case for time served on another count in the 2001 case is a substantive argument); *McClain*, 6th Dist. No. L-07-1164 at ¶ 14 (a claim that jail time credit was denied because days were not properly classified as arising under the instant offense is a substantive claim).

{¶14} In other words, where a court is alleged to have erroneously omitted a "category of time," a legal error is raised and thus barred by res judicata where it was not raised on direct appeal when it could have been.[1] *See, e.g., Britton*, 3d Dist. Nos. 4-12-13, 4-12-14, 4-12-15 at ¶ 15; *Chafin*, 10th Dist. No. 06AP-1108 at ¶ 12; *Parsons*, 10th Dist. No. 03AP-1176, at ¶ 8; *State v. Robinson*, 4th Dist. No. 00CA2698 (Oct. 23, 2000) (where the defendant argues he was "wrongfully denied" credit, he must appeal the sentencing entry rather than filing post-judgment motions).

{¶15} Here, appellant's argument deals with a "category of time" that he was allegedly not credited for. There is no indication of a clerical error. Rather, he contends that the time spent in jail from May 14, 2007 until September 12, 2007 was attributable to only this 07CR661 and that the time spent in jail thereafter for 07CR661 and for 08CR29 required that he eventually be provided credit for both cases even though these cases thereafter were run consecutively. These are substantive rather than mathematical contentions.

---

[1] We note here that appellant presents this as a motion for jail time credit rather than a post-conviction relief petition, which would be untimely with no explanation for the untimeliness and which (as presented below) lacked any citation to items existing outside of the record (which would have its own res judicata implications). *See* R.C. 2953.21; R.C. 2953.23.

**{¶16}** As such, to the extent they exist on the record, they should have been raised on direct appeal, and because they were not, they are now barred by the doctrine of res judicata from being raised in post-trial motions for jail time credit. A case must end at some point; a defendant does not have unlimited time to seek relief from legal errors merely because he is incarcerated or indigent. Even assuming merely for the sake of argument that an error existed,[2] it was clear and ascertainable during the time for appealing from the sentencing entry (or if resort to items outside the record was required, during the time for filing for post-conviction relief). Accordingly, the judgment of the trial court is affirmed.

Donofrio, J., concurs.
Waite, J., concurs.

---

[2]It has been stated that a defendant held on two offenses pending sentence is not entitled to jail time credit for the same time on each sentence *when they are run consecutively*. The Tenth District has stated: "We do not believe that the legislature intended to entitle a defendant held and later sentenced on multiple offenses the right to multiply his single period of pretrial confinement by the number of convictions entered against him." *State v. Callender*, 10th Dist. No. 91AP-713 (Feb. 4, 1992). In evaluating a case involving concurrent sentences, the Ohio Supreme Court distinguished *Callender* but *acknowledged that it contained the proper rule in consecutive sentence cases. State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 20. Thus, had the trial court reevaluated the jail time credit issue, the remedy appellant seeks could have been deemed canceled out by a possible prior error committed *in appellant's favor.*