[Cite as *State v. Turner*, 2026-Ohio-1528.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

KAWAME TURNER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 BE 0054

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 19 CR 209

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan,* Belmont County Prosecutor, and *Atty. Jacob A. Manning,* Assistant Prosecuting Attorney, for Plaintiff-Appellee and

Kawame Turner*,* Defendant-Appellant.

Dated:  April 28, 2026

**DICKEY, J.**

{¶1} Pro se Appellant, Kawame Turner, appeals from the October 3, 2025 judgment of the Belmont County Court of Common Pleas denying his motion for additional jail-time credit. Appellant pled guilty to tampering with evidence and received a 36-month jointly recommended sentence, with 430 days of jail-time credit, in Case No. 19 CR 209. On appeal, Appellant believes he should have received more jail-time credit than what he agreed to. Appellant contends he is entitled to credit in two pending cases, Case Nos. 19 CR 209 and 23 CR 258, at the same time. For the reasons stated, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2} On January 9, 2020, in Case No. 19 CR 209, Appellant was indicted by the Belmont County Grand Jury on three counts: count one, aggravated trafficking in drugs, a felony of the second degree in violation of R.C. 2925.03(A)(1)(C)(1)(d); count two, tampering with evidence, a felony of the third degree in violation of R.C. 2921.12(A)(1)(B); and count three, aggravated possession of drugs, a felony of the fifth degree in violation of R.C. 2925.11(A)(C)(1)(a). The charges stem from Appellant's arrest on unrelated drug charges. Appellant had been arrested by the Bellaire Police Department and was transported to the Belmont County Jail. An officer was notified that when Appellant arrived at the jail, Appellant admitted to having concealed a baggie of methamphetamine in his rectum. Appellant agreed to voluntarily defecate the drugs out of his body and the baggie was retrieved by law enforcement. The drugs subsequently tested positive for methamphetamine. Appellant retained counsel, pled not guilty at his arraignment, and waived his right to a speedy trial.

{¶3} A jury trial was set for March 31, 2021. Appellant advised the trial court of his desire to withdraw his former plea of not guilty and enter a plea of no contest to the three charges as contained in the indictment. Appellant and Appellee, the State of Ohio, appeared before the court for a plea hearing on a negotiated plea. Pursuant to the negotiated plea, Appellant agreed to plead no contest and the parties agreed to a sentence of five years on count one, with the sentences in counts two and three to run concurrent with count one. Appellant pled no contest at that hearing. After finding that

Appellant voluntarily, knowingly, and intelligently waived his rights, the court accepted his no contest plea, ordered a PSI, and deferred sentencing.

{¶4} Appellant's sentencing hearing was set for May 3, 2021. However, Appellant failed to appear and a warrant was issued for his arrest. Despite not appearing at the sentencing hearing, Appellant filed a combined pro se "Motion for Ineffective Counsel" and a "Motion to Withdraw Plea" which was received for filing on April 29, 2021. Appellant was arrested. The trial court set the "Motion to Withdraw Plea" for a hearing on June 4, 2021. Appellant retained new counsel and the hearing was reset for June 18, 2021.

{¶5} On June 11, 2021, Appellant's counsel filed a memorandum in support of Appellant's "Motion to Withdraw Plea." At the June 18, 2021 hearing, the trial court overruled the motion. Sentencing was set for June 22, 2021. Following a requested continuance, the sentencing hearing was reset for July 9, 2021. Appellant was released on a $20,000 bond. Appellant failed to appear at the July 9, 2021 sentencing hearing and a warrant was issued for his arrest. Appellant was not apprehended until May 2023. Sentencing was reset for July 3, 2023.

{¶6} On June 28, 2023, Appellant's counsel filed "Defendant's Motion for Reconsideration of Defendant's Motion to Withdraw Plea and Motion to Continue Sentencing." The motion argued that Appellant entered the no contest plea without discussing it with his prior counsel. The trial court held a hearing on August 28, 2023.

{¶7} On September 21, 2023, the trial court granted Appellant's motion to withdraw. Specifically, the court found that Appellant's attorney explained to him the State's offer for resolution and Appellant understood the agreed recommendation of the parties. However, the court found that the plea hearing and colloquy failed to correctly inform Appellant of the maximum penalties. The court also noted that the plea petition incorrectly indicated that Appellant would be pleading guilty instead of no contest and it also noted that Reagan Tokes required there to be notice of a maximum sentence of 8-12 years. The State appealed that judgment to this court and we affirmed on September 16, 2024. *State v. Turner*, 2024-Ohio-4845 (7th Dist.).

{¶8} While that appeal was pending, on October 10, 2023, in Case No. 23 CR 258, Appellant was indicted by the Belmont County Grand Jury on one count of failure to

appear, a felony of the fourth degree in violation of R.C. 2937.99(A)(B), due to his failure to appear at the July 9, 2021 sentencing hearing in Case No. 19 CR 209.

**{¶9}** On December 11, 2023, Appellant filed a motion to dismiss the indictment. Appellant asserted the recognizance bond in Case No. 19 CR 209 was invalid as a matter of law and he should have been present at the hearing at which it was set. Following a hearing, the trial court denied the motion to dismiss on February 20, 2024.

**{¶10}** On March 5, 2024, Appellant appealed that judgment to this court and we sua sponte dismissed the appeal on March 14, 2024. The case proceeded to a jury trial on April 18, 2024 and Appellant was found guilty on the sole count of failure to appear.

**{¶11}** On April 23, 2024, Appellant filed a post-judgment motion for acquittal alleging the same two issues previously raised regarding the recognizance bond in Case No. 19 CR 209. On May 3, 2024, the trial court denied the motion. On May 28, 2024, Appellant was sentenced to 17 months in prison with 224 days of jail-time credit. Appellant appealed that judgment to this court and we affirmed on December 11, 2024. *State v. Turner*, 2024-Ohio-5800 (7th Dist.).

**{¶12}** Following our decision, the parties returned to the trial court in Case No. 19 CR 209. After addressing a motion to dismiss concerning the availability of evidence from the original arrest, the court set the matter for trial on August 19, 2025. However, on August 14, 2025, the parties appeared for a plea hearing. The parties reached an agreement for a plea and a jointly recommended sentence. The agreement included a plea of guilty to count two, tampering with evidence, a felony of the third degree in violation of R.C. 2921.12(A)(1)(B). The agreement also included a dismissal of count one, aggravated trafficking in drugs, and count three, aggravated possession of drugs. On August 18, 2025, the court accepted Appellant's guilty plea and imposed the 36-month jointly recommended sentence with 430 days of jail-time credit.

**{¶13}** On September 22, 2025, Appellant filed a pro se motion for additional jail-time credit. On October 3, 2025, the trial court denied Appellant's motion.

**{¶14}** Appellant filed a timely appeal from the trial court's October 3, 2025 judgment and raises two assignments of error.

## ASSIGNMENT OF ERROR NO. 1

**TRIAL COURT ERRED TO THE SUBSTANTIAL PREJUDICE OF THE DEFENDANT-APPELLANT BY DENYING ADDITIONAL JAIL-TIME CREDIT.**

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ERRED IN ITS CALCULATION OF THE DEFENDANT-APPELLANT JAIL-TIME CREDIT.**

{¶15} In his first assignment of error, Appellant argues the trial court erred in denying him additional jail-time credit. Appellant believes he is "entitled to Jail-Time credit in both Belmont County cases" at the same time and "seeks 224 additional days of Jail-Time credit" from Case No. 23 CR 258. (12/22/2025 Appellant's Brief, p. 7, 8-9). In his second assignment of error, Appellant contends the court erred in its calculation of jail-time credit. Because Appellant's assignments are interrelated, as they both take issue with jail-time credit, we will consider them together for ease of discussion.

A prison term shall be reduced by the total number of days the prisoner was confined for any reason arising out of the offense for which the offender was sentenced, including confinement in lieu of bail while awaiting trial. R.C. 2967.191. Although the ODRC has administrative record-keeping duties in such regard, it is the trial judge's duty to determine the amount of credit to which a prisoner is entitled. *State ex rel. Rankin v. Ohio Adult Parole Auth.,* 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7-8 (the trial court must make a factual determination as to the amount of credit which a defendant is entitled to by law); R.C. 2967.191. This jail time credit information must be included in a defendant's sentencing entry. *See* R.C. 2949.12; Ohio Adm.Code 5120-2-04(B).

Where the sentencing court made a mistake in jail time credit, the defendant can file a direct appeal from his conviction. *Rankin,* 98 Ohio St.3d 476 at ¶ 10. Legal arguments concerning jail time credit are waived if they

are not raised in the direct appeal. *Mason,* 7th Dist. No. 10CO20 at ¶ 13. Although a defendant may challenge mathematical or clerical errors in calculating jail-time credit by filing a motion for correction with the trial court and by appealing the resulting judgment, the proper vehicle for challenging legal errors in the imposition of jail time credit is via a direct appeal from the sentencing entry. *Id.* (where the defendant argued he should have been credited for certain time in the local jail while he had a holder from another county), citing *State v. Parsons,* 10th Dist. No. 03AP-1176, 2005-Ohio-457, at ¶ 7-8 (where the defendant argued he was entitled to credit for time spent on community control). *See also* Crim.R. 36.

This can be attributed to the doctrine of res judicata, which provides that a final judgment bars a convicted defendant from raising issues that could have been raised by the defendant on direct appeal. *See State v. Szefcyk,* 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996), citing *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). As such, if there is no appeal from a legal error in the sentencing entry's provision of jail time credit, then the issue becomes res judicata if it could have been raised on direct appeal. This is the view across the state. *See e.g., State v. Britton,* 3d Dist. Nos. 4–12–13, 4–12–14, 4–12–15, 2013-Ohio-1008, ¶ 14 (where defendant argued that he was denied credit while in a certain program); *State v. Johnson,* 5th Dist. Nos. 2011–CA–0113, 2011–CA–0114, 2012-Ohio-5164, ¶ 12; *Mason,* 7th Dist. No. 10CO20 at ¶ 13; *State v. Chafin,* 10th Dist. No. 06AP–1108, 2007-Ohio-1840, ¶ 12.

A mathematical error, subject to a postjudgment motion, is something clerical. *Johnson,* 5th Dist. Nos. 2011–CA–0113, 2011–CA–0114 at ¶ 14; *State v. McClain,* 6th Dist. No. L–07–1164, 2008-Ohio-481, ¶ 14. Whereas, a legal error that must be directly appealed is a substantive issue. *Johnson,* 5th Dist. Nos. 2011–CA–0113, 2011–CA–0114 at ¶ 14 (argument that court failed to provide credit on a count in the 2001 case and in the 2004 case for time served on another count in the 2001 case is a

substantive argument); *McClain,* 6th Dist. No. L–07–1164 at ¶ 14 (a claim that jail time credit was denied because days were not properly classified as arising under the instant offense is a substantive claim).

> In other words, where a court is alleged to have erroneously omitted a "category of time," a legal error is raised and thus barred by res judicata where it was not raised on direct appeal when it could have been. [footnote omitted] *See, e.g., Britton,* 3d Dist. Nos. 4–12–13, 4–12–14, 4–12–15 at ¶ 15; *Chafin,* 10th Dist. No. 06AP–1108 at ¶ 12; *Parsons,* 10th Dist. No. 03AP–1176, at ¶ 8; *State v. Robinson,* 4th Dist. No. 00CA2698 (Oct. 23, 2000) (where the defendant argues he was "wrongfully denied" credit, he must appeal the sentencing entry rather than filing postjudgment motions).

*State v. Perry*, 2013-Ohio-4370, ¶ 10-14 (7th Dist.).

**{¶16}** Appellant believes he should have received more jail-time credit than what he agreed to. Appellant contends he is entitled to jail-time credit in two pending cases at the same time. Appellant's two-case assertion deals with a "category of time" in which he was allegedly not credited. *See Perry* at ¶ 15. Appellant's claim involves a substantive argument rather than a mathematical or clerical error. Thus, Appellant's issue should have been raised on direct appeal from the sentencing entry, not in a post-judgment motion for jail-time credit. *Id.* at ¶ 16. Because it was not, Appellant's argument is now barred by the doctrine of res judicata. *Id.*

> A case must end at some point; a defendant does not have unlimited time to seek relief from legal errors merely because he is incarcerated or indigent. Even assuming merely for the sake of argument that an error existed, . . . it was clear and ascertainable during the time for appealing from the sentencing entry . . .

*Id.*

**{¶17}** Nonetheless, the record reveals Appellant pled guilty in Case No. 19 CR 209 pursuant to a jointly recommended sentence and agreed to the calculation of jail-time

credit that he is now challenging. Even assuming Appellant attempted to appeal the sentencing entry directly, he would have been prevented from doing so since he pled guilty and jointly recommended a sentence that was accepted by the trial court. *See* R.C. 2953.08(D)(1) ("A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.")

{¶18} Based on the facts presented and the record before us, the trial court did not err in denying Appellant's pro se motion for additional jail-time credit in Case No. 19 CR 209. Appellant has waived his ability to appeal any substantive issue regarding jail-time credit and, in any event, he agreed to the time for which he was given credit.

{¶19} Appellant's first and second assignments of error are without merit.

## CONCLUSION

{¶20} For the foregoing reasons, Appellant's assignments of error are not well-taken. The October 3, 2025 judgment of the Belmont County Court of Common Pleas denying Appellant's pro se motion for additional jail-time credit is affirmed.


Waite, P.J., concurs.

Robb, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**