[Cite as *State v. Redmond*, 2015-Ohio-3830.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 14 BE 58 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| TROY REDMOND, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of
                             Common Pleas of Belmont County, Ohio
                             Case No. 14CR184

JUDGMENT:                    Remanded.

APPEARANCES:

For Plaintiff-Appellee:       Atty. J. Kevin Flanagan
                             Assistant Prosecuting Attorney
                             147-A West Main St.
                             St. Clairsville, Ohio 43950


For Defendant-Appellant:      Atty. Brent A. Clyburn
                             The Law Office Of Brent A. Clyburn
                             3521 Fairmont Pike Road Suite B
                             Wheeling, West Virginia 26003




JUDGES:

Hon. Carol Ann Robb
Hon. Cheryl L. Waite
Hon. Mary DeGenaro                    Dated:  September 18, 2015

ROBB, J.

**{¶1}** Defendant-Appellant Troy Redmond appeals the decision of the Belmont County Common Pleas Court giving him credit for 93 days served. The issue in this case is whether the trial court should have credited him for 29 more days.

**{¶2}** For the reasons expressed below, the record before this court does not contain enough information to determine whether the trial court should have credited him for 29 more days. Currently pending before the trial court is a motion for jail time credit. The trial court has not ruled on it because this appeal divested it of jurisdiction. We remand and instruct the trial court to rule on the motion. Appellant may be entitled to more jail time credit if the charges upon which he was ultimately convicted and sentenced were first brought in county court and he was held in jail pending the resolution of those charges.

<u>Statement of the Case</u>

**{¶3}** On August 6, 2014, the Belmont County Grand Jury indicted Appellant. The indictment contained four counts. The first count was for trafficking crack cocaine in violation of R.C. 2925.03(A)(1)(C)(4)(a), a fifth-degree felony. The second count was for trafficking crack cocaine in violation of R.C. 2925.03(A)(1)(C)(4)(a)(b), a fourth degree felony. This count contained a specification that the alleged offense occurred within the vicinity of a school. The third count was for possession of methadone in violation of R.C. 2925.11(A)(C)(1)(a), a fifth-degree felony. The fourth count was for possession of crack cocaine in violation of R.C. 2925.11(A)(C)(4)(a), a fifth-degree felony. All four drug offenses were alleged to have occurred on May 17, 2014. This case was assigned case number 14CR184.

**{¶4}** Appellant was arrested and released on a recognizance bond on August 14, 2014. 8/21/14 J.E. The state moved to revoke Appellant's bond because on August 21, 2014, Appellant was charged in the Belmont County Court with three more counts of fifth-degree felony drug trafficking that allegedly occurred on the date he was released on bond. 8/26/14 Motion. That case was assigned number

14CRA684. The motion to revoke bond in case number 14CR184 was granted. 9/5/14 J.E.

{¶5} The three charges in case number 14CRA684, however, were dismissed by the County Court Judge on September 17, 2014. Thereafter, Appellant moved to have his bond reinstated in case number 14CR184. 9/22/14 Motion. The motion was withdrawn on October 17, 2014.

{¶6} The state filed a motion to consolidate case number 14CR184 with case number 14CR230. 10/30/14 Motion. Case number 14CR230 resulted from an October 1, 2014 indictment which charged Appellant with three counts of drug trafficking. 10/30/14 Motion. The trial court granted the motion to consolidate. 10/30/14 J.E.

{¶7} In early November 2014, the state and Appellant reached a plea agreement in case number 14CR184. Appellant plead guilty to fifth-degree felony drug trafficking, the first count of the August 6, 2014 indictment. The state agreed to dismiss counts 2, 3, and 4. The state and Appellant agreed that they would jointly recommend Appellant receive a 12-month sentence for the fifth-degree felony drug trafficking offense and that sentence would run consecutive to the sentence imposed in case number 14CR230. 11/14/14 Plea of Guilty. The trial court accepted the guilty plea.

{¶8} Sentencing occurred on November 24, 2014. The trial court followed the agreed sentencing recommendation and sentenced Appellant to 12 months for the drug trafficking offense. The trial court ordered that sentence to be served consecutive to any sentence imposed in case number 14CR230. At sentencing, Appellant asked that he be given jail time credit for the time he served. 11/24/14 Tr. 2. The trial court then credited him for 93 days. 11/24/14 J.E.

{¶9} Appellant has filed a timely appeal arguing that the amount of jail time credit is incorrect. The state has not filed an appellate brief.

### Assignment of Error

"The trial court failed to grant the defendant-appellant credit for all days served in jail prior to sentencing."

{¶10} As stated above, the trial court gave Appellant credit for 93 days. Appellant argues that he actually served 122 days prior to being sentenced. He asserts that the trial court failed to credit him for 29 days.

{¶11} R.C. 2967.191 requires the Ohio Department of Rehabilitation and Correction to "reduce the stated prison term of a prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *." Although the Ohio Department of Rehabilitation and Correction must credit a prisoner with his pretrial confinement, it is the trial court's responsibility to calculate the number of days the defendant served prior to being sentenced. *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7. "[A] defendant may challenge mathematical errors in calculating jail-time credit by filing a motion for correction with the trial court, and then by appealing the resulting judgment." *State v. Mason*, 7th Dist. No. 10 CO 20, 2011–Ohio–3167, ¶ 13. The proper vehicle, however, "for challenging legal errors in the imposition of jail-time credit is via a direct appeal from the sentencing entry." *State v. Mason*, 7th Dist. No. 10 CO 20, 2011–Ohio–3167, ¶ 13.

{¶12} Appellant was credited for 93 days. On the day of his arrest, August 14, 2014, Appellant was released on his own recognizance. On August 21, 2014, Appellant was arrested for committing three more trafficking offenses. His bond in 14CR184 was officially revoked on September 2, 2014. He was sentenced on November 24, 2014. Appellant contends that the 93 days of credit is for his time in jail from August 21, 2014 until sentencing on November 24, 2014. The number of days he was in jail from August 21, 2014 until November 24, 2014 does equal 93 days.

{¶13} Appellant argues he is entitled to an additional credit of 29 days that allegedly occurred from May 19, 2014 to June 16, 2014. As can be seen, the alleged time in jail occurred prior to the August 6, 2014 indictment and prior to the August 14, 2014 arrest in case number 14CR184. Appellant claims that this time in jail was from case number 14CRA399, which arose from a complaint out of the Northern Division

County Court of Belmont County. According to him, that complaint served as the basis for the indictment in case number 14CR184.

{¶14} Case number 14CRA399 is not a part of the record for case number 14CR184. Therefore, this court cannot determine if he was in jail for 29 days and if that time in jail is related to 14CR184. The statute on jail time credit specifically indicates that the Ohio Department of Rehabilitation and Correction is required to "reduce the stated prison term of a prisoner by the total number of days that the prisoner was confined for **any reason arising out of the offense for which the prisoner was convicted and sentenced** * * *." R.C. 2967.191 (Emphasis added).

{¶15} Given the language of R.C. 2967.191, if the offenses in 14CRA399 are the same offenses in 14CR184 and Appellant was confined for 29 days in 14CRA399, then a very good argument could be made that he is entitled to credit for those 29 days in 14CR184. That conclusion is indirectly supported by a case from our sister district. The Eighth Appellate District has looked at the above quoted language in reference to the juvenile jail time credit statute, R.C. 2151.18. *In re D.S.*, 2015-Ohio-518, 29 N.E.3d 236, ¶ 7 (8th Dist.). Although that case dealt specifically with a juvenile's request for confinement credit, the Eighth District's analysis indicates that R.C. 2967.191 is broad and permits credit for confinement for any reason arising out of the offense for which the offender is convicted and sentenced:

> Our interpretation of R.C. 2152.18(B) is supported by the maxim of statutory construction stating that the expression of one thing is the exclusion of the other. R.C. 2967.191, dealing with the reduction of a prison term for related days of confinement for adult offenders, instructs the department of rehabilitation and correction to reduce a state prison term "by the total number of days that the prisoner was confined *for any reason arising out of the offense* for which the prisoner was convicted and sentenced * * *." (Emphasis added.) The difference between the two statutes is manifest: R.C. 2152.18(B) speaks of confinement related to the "complaint"; R.C. 2967.191 speaks of confinement arising out of the "offense." The word "complaint" must be viewed in the context of

juvenile delinquency proceedings as "the legal document that sets forth the allegations that form the basis for juvenile court jurisdiction." Juv.R. 2(F). The use of the word "complaint" in R.C. 2152.18(B) suggests that confinement credit for juveniles is limited in application to the facts and circumstances making up the allegations in a complaint.

*Id.*

{¶16} As stated above, the record in this case does not include 14CRA399. Therefore, we cannot determine if 14CRA399 is connected with the current case, if Appellant spent time in jail on 14CRA399, and if so, how many days he served. The trial court is in a better position to determine these issues. Currently pending before the trial court is a motion for jail time credit, which makes the same exact arguments that are presented in this appeal. 2/13/15 Motion. The trial court has appropriately refused to rule on it because this appeal divested it of jurisdiction. 2/17/15 J.E. Consequently, based on the above law and reasoning, and because there may be some merit with Appellant's argument, we remand the matter to the trial court to rule on the jail time credit motion.

Waite, J., concurs.

DeGenaro, J., concurs.